McDERMOTT, Plaintiff in Error, *vs.* DOYLE, Defendant in Error.

1. Under the act of 1835, the action of detinue, after the death of the defendant, did not survive against his administrator.

*Error to St. Louis Circuit Court.*

This was a suit against the security in a detinue bond. The declaration stated the following cause of action : In 1844, the plaintiff, McDermott, filed in the St. Louis Circuit Court a declaration in detinue against Samuel A. Childs, for the recovery of a slave, upon which a writ of *capias* in detinue issued, according to the provisions of the act of 1835, concerning detinue. Childs gave bond with the present defendant as security, conditioned according to the requirements of the act. After-

McDermott *v.* Doyle.

wards, and after plea filed by the defendant Childs, he died, and, upon suggestion made to the court of his death, John F. Darby, his administrator, was substituted as defendant in the action. Afterwards, judgment was rendered in favor of the plaintiff, that he recover of Darby the slave or the value thereof, as assessed by the jury, and also damages for detention and costs and charges.

The declaration alleged, as a breach of the bond, that the slave had not been restored or delivered to the plaintiff, either by Childs, in his life time, or by his administrator since his death, or by the present defendant, the security in the bond, nor the value thereof, or the damages, or the costs, or either of them paid by the one or the other. The Circuit Court sustained a general demurrer to the declaration, and the case is brought here by writ of error.

*Goode* and *Clover,* for plaintiff in error. 1. At common law the action of detinue does not abate on the death of the defendant, but survives against his personal representatives. 2. If it should be held that it does abate at common law, yet it survives under our statute. 3. Under our statute, the security for a defendant in an action of detinue is not released from his obligation by the death of the principal before judgment rendered against him.

*Geyer & Dayton,* for defendant in error. 1. The detinue suit of McDermott v. Childs was abated by the death of Childs. The third section of article four of the act to regulate practice at law (R. C. 1835) did not prevent the suit abating, unless it could be originally prosecuted against the administrator. The action of detinue cannot be maintained against an executor or administrator, who never had possession of the property, upon the possession of the testator or intestate in his life time. 1 Chitty's Plead. 78, 109, 137. *Jones* v. *Littlefield,* 3 Yerg. 133. *Caldwell* v. *Ford,* Riley's Rep. (S. C.) 277. *Brewer* v. *Strong's Executors,* 10 Ala. 961. The 24th section of article 2 of the administration act (R. C. 1835) does not change the principle laid down in the above

cases. This gives an action against an executor or administrator for wrongs done by the testator or intestate in his life time to the property or rights of another, but it does not by any means necessarily give the *same form of action* that would have been proper against such testator or intestate. 2. Even if the detinue suit was not abated, the declaration is bad, because it shows no proceedings against the administrator or estate of Childs to get the negro, or its value, or damages for its detention. 3. The death of Childs, during the pendency of the detinue suit, in effect discharges the bail. Act to regulate practice at law (R. C. 1835) art. 2, secs. 11, 12, 13. These provisions were applicable to bail in detinue cases. Sections 4 and 5 of detinue act (R. C. 1835.) If so, the death of Childs practically discharges the bail, for nothing could thereafter be done to fix the liability of the bail; no execution could be gotten against the body or the property of Childs, and no judgment even against *him*. If, however, these provisions of the practice act of 1835 were abrogated either by the act of 1843, to abolish imprisonment for debt, or by the code of 1845, which took effect during the pendency of the detinue suit, and before the death of Childs, then we are to look to the common law and British statutes to ascertain the rights and remedies in respect to bail in detinue cases, so far as our own statutes do not establish and regulate them. 2 Comyn's Dig. p. 1, *et seq.* From (R. 4) p. 62, and (R. 5) p. 63, it will appear that a judgment cannot be had against bail until a *capias ad satisfaciendum* shall have been issued against the principal, which, of course, cannot be done where the principal is dead.

RYLAND, Judge, delivered the opinion of the court.

The main question in this case involves the right of the plaintiff in the original suit to prosecute the same, after the death of the original defendant, against his administrator.

It will be seen, that the action was detinue, brought by McDermott against Samuel A. Childs, for the recovery of a negro

McDermott v. Doyle.

man, named Bob. During the pendency of this suit, Childs departed this life, and John F. Darby, public administrator of St. Louis county, took charge of his estate as administrator, and the action was revived in his name, and carried on against him as administrator of Childs. Does the action of detinue survive against an administrator? If not, then the demurrer to this present suit was properly sustained by the court below.

The original action of detinue was commenced in July, 1844, and the statute concerning practice at law, Rev. Code, 1835, was then in force. The third section of article five of that act is as follows : ' " When there is but one defendant in an action, and he shall die before final judgment, such action shall not be thereby abated, if it might be originally prosecuted against the heirs, devisees, executors or administrators of such defendant ; but such of them as might be originally prosecuted for the same cause of action shall, on the application of the plaintiff, be made defendants in such suit, by an order of the court substituting them as defendants therein." Now if the action of detinue could, as such, be carried on against an administrator in the first place for property found in the possession of his intestate, then it can be revived against him ; but I apprehend that such an action is never brought against an administrator ; for if he, as such, should have the goods in his possession, his keeping them and refusing to deliver them up makes him personally liable—not as an administrator, but as an individual. He is not sued for an act of his intestate, but of his own.

It will not be necessary to notice the long array of authorities on this subject, nor the learning in the books showing that the action of detinue is sometimes considered in some cases as one *ex contractu*, and in other cases as one *ex delicto*.

In the case of *Jones* v. *Littlefield*, 3 Yerger, 133, the court, after making much examination into the law upon this subject, reviewing the cases and commenting thereon, proceeds thus : " Here the administrators are sued in an action of detinue, depending against them by the process of *scire facias*,

24—VOL. XVII.

and prayed to be enforced against them by the motion to revive, and make them parties as administrators. But the books say not, for this is their own act, in detaining the negroes after the death of their intestate, Robertson; nor need they be named as administrators, for they shall not answer in damages for their intestate's detaining. In other words, a suit in detinue cannot be supported against administrators, as such, upon the detainer of their intestate, or upon their own detainer; not in the former case, for it is a wrong or tort of their intestate, for which the assets are not liable, nor they responsible, as administrators, holding them and entrusted with their appropriation and distribution; nor in the latter case, for the detainer is their own act, for which they are answerable in their own private capacity. The conclusion is, that this action of detinue for the specific negroes, brought against the intestate, Benjamin F. Robertson, cannot be revived against his administrators as such."

If the plaintiff wishes the specific property, he must bring his action of detinue against the person in whose possession it may be found, whether administrator or not.

Our statute concerning administration, article 2, section 24, Digest 1835, provides that, " for wrongs done to the property, rights or interest of another, for which an action might be maintained against the wrong doer, such action may be brought by the person injured, or after his death by his executor or administrator against such wrong doer, and after his death, against his executors or administrators, in the same manner, and with the like effect, in all respects, as actions founded on contract."

This statute changes materially the common law. The old rule of *actio personalis moritur cum persona*, is no longer of binding force in its full extent. We see, " for wrongs to property, rights and interest," personal actions do not give way to the death of the person.

Then the detaining and loss to the plaintiff of the negro man in this case, was a wrong for which he had a remedy against

the estate of the wrong doer. But this remedy against his ad-
ministrators may not be detinue. If the negro man is in the
possession of the administrator, he may be, liable in his indi-
vidual capacity, if he refuses on demand to give him up ; or
the plaintiff may waive the tort, and proceed against the estate
for the value of the negro. All that this court says is, that
the present action cannot be revived' against an administrator.
Many other points were discussed and pressed in the written
arguments of the counsel on both sides, but it will not be neces-
sary to notice any besides the one here decided, as that must
determine this action. The judgment of the court below is,
with the concurrence of the other judges, affirmed.