THE STATE TO THE USE OF WALSH V. FARRAR *et al.*, *Appellants.*

Administration: REPLEVIN: SURETIES. If a surety in a replevin bond given by an administrator pay a judgment in the action against the administrator, he will be entitled to recover the amount from the sureties in the probate bond of the administrator.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Cline Jamison & Day* for appellants.

1. The object of an administrator's bond is to protect those who are entitled to a share in the estate, either as creditors or distributees, from the wrongful or negligent acts of the principal. There can be no recovery on such bond unless the plaintiff can show an interest in the estate. *Holmes v. Cock*, 2 Barb. Ch. 429; Brandt on Suretyship, p. 640, § 502; *Rawson v. Piper*, 34 Me. 98; Williams on Executors, 536, note 1. And it must be a vested, not a contingent interest. *Stevens v. Cole*, 7 Cush. 467. Here, Walsh is neither creditor, heir, devisee nor legatee. Again, in taking property belonging to one not his intestate, he did not act as administrator, although in his individual judgment, he may have thought that the deceased had owned the thing replevied. But an administrator is not an insurer against loss, even when the property belongs to the estate. *Fudge v. Durn*, 51 Mo. 264. He is liable only for the care bestowed by a prudent man in the direction of his affairs. *State v. Meagher*, 44 Mo. 356.

2. The property converted by Dailey was not a part of the assets of the estate. This was so · decided by the court. It is not even stated in the petition that Dailey inventoried it, or charged himself as administrator with it. It was something altogether without the funds upon which he was appointed to administer, and was no part of the estate which the bond was given to protect. Judgment, therefore, recovered against Dailey in the circuit court was not an order or decree touching the administration, nor was it decided that the estate was in any way liable to the respondent here. The due administration of the estate, for which an administrator gives security, consists in paying its obligations and distributing the balance to the parties entitled to it. *Cunningham v. Souza*, 1 Redf. 462. The surety is only bound for the faithful performance of the duties of an administration. *Harker v. Irick*, 10 N. J.

Eq. 269. As the surety of an administrator will be liable only for the faithful administration of such assets as he had a right to receive and was, therefore, bound to administer, he would not be chargeable for the misapplication of assets received without authority. *Fletcher v. Sanders,* 7 Dana 345, 350. In taking the property Dailey entirely transcended his power as administrator, and made himself liable, not in his official capacity, but as a private individual simply, to return it. As it never was a part of the estate, Dailey, as administrator, should never have taken it, and that being determined, it remained only that Dailey, not the estate, should be decreed to make reparation. The sureties on an official bond are entitled to have their liability strictly construed.

The very fact that the law required a replevin bond to be given before Dailey could take the property, is a very strong argument that the bond given by him as administrator was not intended to cover the property in case it should appear that it was not part of the estate.

*George M. Stewart* for respondent.

1. It is settled in this State that an administrator may bring replevin; (*McDonald v. Walton,* 2 Mo. 49;) and in the event of a judgment against, it must be *de bonis testatoris. Ranney v. Thomas,* 45 Mo. 112. See also *Wooldridge v. McDonald,* 15 Mo. 470; *State v. Maulsby,* 53 Mo. 500; *Ross v. Alleman,* 60 Mo. 269. Patrick Roddy's judgment, therefore, was against Dailey as administrator. This was not a demand which could have been proven against the estate. *Presbyterian Church v. McElhinney,* 61 Mo. 540; *Wernecke v. Kenyon,* 66 Mo. 275. It was, however, a demand for which the sureties of Dailey were liable. *Dix v. Morris,* 1 Mo. App. 93; *Dix v. Morris,* 66 Mo. 514; *State v. Creusbauer,* 68 Mo. 254. Dailey, as administrator, had taken the property by virtue of the order of delivery, and the effect of the judgment being that he had wrong-

fully taken it, the defendant elected to take a money judgment for its value. In fact, no loss falls on the sureties, for they are only compelled to restore the value of property which the administrator had received and made part of the estate of the decedent by virtue of the process awarded him, upon the giving of the bond upon which plaintiff became surety. The estate is not impaired or injured thereby. It wrongfully received this amount and it must be restored. The judgment of the circuit court upon which this action was based was, that Dailey, as the administrator and representative of the estate, should restore to the plaintiff the money which he had mistakenly placed among the assets of the estate, and which, by subrogation, belonged to the plaintiff. He failed to obey this order and his sureties on his administration bond became liable.

2.   The plaintiff Walsh stands substituted to the rights of Patrick Roddy, as they were before the judgment was paid.   *Haren v. Foley*, 18 Mo. 136;  *s. c.*, 19 Mo. 632 ;  *Burnside v. Fetzner*, 63 Mo. 107;  *Allison v. Sutherlin*, 50 Mo. 274.

3.   The order of the circuit court made upon the administrator to pay the plaintiff the amount he had paid to satisfy the judgment in the replevin case was imperative, and the disobedience of it a breach of the administration bond, and the sureties were concluded by this order.  *State v. Holt*, 27 Mo. 340 ;  *Taylor v. Hunt*, 34 Mo. 205 ;  *State v. Coste*, 36 Mo. 437;  *Townsend v. Townsend*, 60 Mo. 246;  *McCartney v. Garneau*, 4 Mo. App. 566.   This order or judgment was against Dailey as administrator, and directed him to pay the amount named out of the assets and property of the said estate.  *Ranney v. Thomas*, 45 Mo. 112.

Hough, C. J.—Thomas J. Dailey, as administrator of the estate of James Roddy, deceased, brought an action of replevin against Patrick Roddy for certain specific personal property alleged to be the property and assets of said estate.   Said Dailey gave bond in the sum of $4,775, and,

as administrator as aforesaid, received the property sued for from the sheriff. Walsh, to whose use this suit is brought, was one of the sureties on said bond. Judgment was finally rendered in said replevin suit in favor of Patrick Roddy, and against the sureties in the replevin bond, for the sum of $3,000 and costs of suit. Under execution issued on said judgment Walsh was compelled to pay said sum of $3,000, and the further sum of $88.60 costs, Dailey, the administrator, and the other surety on the replevin bond being insolvent. On motion in the circuit court, judgment was rendered in favor of Walsh against said Dailey, as administrator, for the sum so paid by him with interest, and said Dailey, as administrator, was ordered by the circuit court to pay said sum to Walsh, which, after demand, he refused to do. Thereupon this suit was instituted against said Dailey and the sureties on his bond as administrator, to recover said sum so paid by Walsh. And a judgment was rendered for the plaintiff in the circuit court, which was affirmed by the court of appeals.

The only question presented for determination is, whether, on the facts stated, the plaintiff has a good cause of action against the sureties in the administrator's bond.

It is settled in this State that an administrator, as such, may maintain replevin, and when judgment is rendered against him for the value of property received by him in such suit, the judgment should be against him *de bonis testatoris;* (*Ranney v. Thomas,* 45. Mo. 112;) and the sureties of an administrator would undoubtedly be liable, if he should negligently omit to bring such action for property belonging to the estate, whereby it should be lost. Dailey having by means of the replevin suit become possessed of property as belonging to the estate, which the circuit court decided did not belong to it, it was his duty as administrator to pay the value thereof to its owner. And the plaintiff having paid it for him under the judgment of the circuit court, became subrogated *ipso facto,* to all the rights of Patrick Roddy, to whom restitution should in

the first instance have been made. Now the claim of Patrick Roddy to re-imbursement did not constitute a demand which could be allowed against the estate of James Roddy, but it was a claim against Dailey in his official capacity, arising out of the improvident exercise of his official functions, which it was his official duty as administrator to pay, and for a breach of which duty, the sureties on his bond are liable.

Besides, the circuit court had jurisdiction in the replevin suit to direct Dailey, the administrator, to pay Walsh out of the assets in his hands as administrator, inasmuch as he had taken into his possession, as administrator, the property of Patrick Roddy; and by the terms of the bond of Dailey, the parties are responsible for a failure on his part to perform all things touching his administration required by "the order or decree of any court having jurisdiction." R. S., § 19. *Vide De Valengin's Admr. v. Duffy*, 14 Peters, *loc. cit.* 290; *Simpson v. Snyder*, 54 Iowa 557.

The judgment of the court of appeals will be affirmed. The other judges concur.