ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY v. I. J. & J. N.
KIMBERLIN.

Decided May 23, 1908.

**Carrier of Livestock—Contract of Shipment—Exemption from Liability—Want of Consideration—Unreasonableness.**

In a contract for the shipment of cattle from a station in Oklahoma to Kansas City, Missouri, it was stipulated that the shipper should give notice in writing of any claim for damages within one day after the arrival of said stock at their destination. The trial court found as a conclusion of fact from the evidence that there was no consideration for such stipulation, and that the same was unreasonable. Held, that the law of Oklahoma, relied upon as authority for the stipulation, did not warrant it, and that said law did not dispense with the requirement that a contract must be supported by a consideration and be a reasonable one.

Appeal from the District Court of Wilbarger County. Tried below before Hon. S. P. Huff.

*C. H. Yoakum* and *Hall & Haussels,* for appellant.

*L. P. Bonner* and *F. P. McGhee,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellees shipped fourteen cars of cattle from Altus, Oklahoma, to Kansas City, Missouri, and sued appellant, over whose line the shipment was made, to recover damages growing out of its negligence. The appellant answered, pleading the laws of Oklahoma and a stipulation in the contract requiring the shipper to give notice in writing of his claim for damages within one day after the delivery of such stock at destination, and that appellees had failed to comply with such provision, to which appellees replied by a plea of failure of consideration and unreasonableness of the stipulation. The trial court made the following findings of fact, upon which he rendered judgment for appellees:

"1st. I find that the plaintiffs turned over to the defendant 312 head of beef cattle to be shipped from Altus, Territory of Oklahoma, to Kansas City, Missouri; and that they left Altus, Oklahoma, at 8 o'clock p. m., on the 27th day of February, 1906, and I find that the cattle were not carefully and safely handled from Oklahoma City to Kansas City, Missouri; that they were handled roughly, jerked and switched unnecessarily, thereby injuring them so that they were reduced in weight 20 pounds per head more than they would have been reduced had they been carefully and skilfully handled; and that the defendant and its employes were negligent in so handling said cattle, which proximately caused said injury.

"2d. I find that the shipment of cattle was unnecessarily and unreasonably delayed en route from Altus, Oklahoma, to Kansas City, Missouri, for more than ten hours; and that, had the defendant been diligent in the transportation of said cattle, they would have arrived in Kansas City, Mo., in the morning of March 1, 1906, in time for the market of that date; but that by reason of said delays in their shipment, they did not get to Kansas City, Mo., until the evening of March 1,

about 4:25 o'clock p. m., and too late for the market of that day, and that by reason thereof, they were compelled to be held over for the market of March 2d, and that they were placed in open pens, without shelter, and that during that evening and night a severe rain and snow storm came up, which greatly injured and damaged them and contributed partly to their shrinkage in weight, and to their bad condition.

"3d. I further find that the market of March 1, 1906, upon which the cattle would have arrived had they been handled with diligent dispatch, was 25 cents per hundred weight higher than the market upon which plaintiffs were compelled to sell their cattle by reason of the delays in their shipment, that is to say, the market of March 2, 1906.

"4th. I find that the delays in the shipment of said cattle occurred at the places and times mentioned in plaintiff's petition; and that in all of which delays I find that the defendant, and its employes were negligent in so delaying and handling and transporting said shipment; and that by reason of all of which I find that the plaintiffs are entitled to damages for depreciation in market value in the sum of $889.90, and by reason of shrinkage in cattle, viz.: 20 pounds per head, in the sum of $287.04, and that plaintiffs were damaged thereby in the sum of $1176.94.

"5th. I further find that the laws of Oklahoma relating to contracts by common carrier were proven as alleged in defendant's answer; and that the provisions of law are as stated in said answer.

"6th. I find that J. N. Kimberlin, acting for I. J. & J. N. Kimberlin, signed the contracts of shipment, or bills of lading, set out and described in defendant's original answer.

"7th. I further find that no written notice was given the defendant, or its agents, within one day after the delivery of said cattle, as stipulated in said contract of shipment; but that on the 12th day of April, 1906, the plaintiffs, through their attorneys, did give the defendant written notice of the damages claimed to certain cattle by virtue of said shipment.

"8th. I further find, as a fact, that no reduced rate was given the plaintiffs as a consideration for the limitations of defendant's liability by said contract; and that the plaintiffs were charged the usual and customary rate paid by shippers of live stock over said line of railroad. And there is no evidence before me showing that the defendant railroad company had two rates, that is, a lower rate and a higher rate, or what the rate was in fact charged for said shipment, or what any rate of the defendant company was from Altus, Oklahoma, to Kansas City, Missouri.

"9th. I find that the 11th paragraph in said contract of shipment in requiring the plaintiffs to give notice of damages within the time therein specified, was unreasonable; that one day's time was not sufficient; and that it was unreasonable to require them to give written notice within one day's time in order to secure damages for delays in the shipment. The facts before me do not show what agent, if any, or what officer, if any, the defendant railroad company has at the place of delivery of said cattle, or whether it has any such agent or officer. No name of any such agent or officer was stated in the contract, and none plead or proven. Nor is there any evidence before me that any injury was

done the defendant by failure to give such notice. I do find, however, that the plaintiff, J. N. Kimberlin, did give verbal notice of this claim for damages to the party who signed their return transportation and took up their contract; but that this party was at the Stock Exchange, and, as the facts appear, was not at the depot or station of the defendant."

The sixth and seventh assignments of error, attacking the conclusions of law, become immaterial, since it can make no difference whether the laws of Texas or of Oklahoma govern the case. If the stipulation pleaded and relied on was without consideration and unreasonable, the result would necessarily be the same. We do not understand the assignments to attack the findings of fact in these particulars. It can not be said that the statutes of Oklahoma specifically authorize the stipulation in the contract pleaded. The law of that State as pleaded and found by the trial court is: "The obligations of a common carrier can not be limited by general notice on his part, but may be limited by special contract. . . . A consignor by accepting a bill of lading or a contract for carriage with a knowledge of its terms, assents to the rate of hire, the time, place and manner of delivery therein stated; but his assent to any other modification of the carrier's rights or obligations contained in such instrument can only be manifested by his signature to the same." Of course there is nothing in this to dispense with the requirement that a contract, though actually signed by the shipper, must be supported by a consideration and withal be a reasonable one.

Appellee's petition was sufficient as against a general demurrer because, having pleaded the facts, it became the common law duty of appellant to accept and ship the cattle with proper diligence, irrespective of the question of written contract, and besides, the effect of appellees' supplemental petition was to invalidate only the provisions specifically relied on by appellant.

We find no error in the judgment and it is affirmed.

*Affirmed.*