MARY E. WHITE, Appellant, v. LUCY A. McFAR-
LAND, Executrix, Respondent.

St. Louis Court of Appeals, May 3, 1910.

1. JUDGMENTS: Default: Irregularities: Setting Aside. Where an action of replevin is against an executrix in her representative capacity, a default judgment for the value of the property, rendered against her personally, is irregular, if not void, and may be set aside on application therefor within the statutory period.

2. EXECUTORS AND ADMINISTRATORS: Detaining Property: Personally Liable, When. An executor or administrator is personally responsible for property he detains from a claimant as an asset of the estate of the deceased, with knowledge that it did not belong to decedent, but to claimant.

3. ———: Replevin: Detaining Property. It has never been pointedly held in this State that under no circumstances will replevin lie against an administrator, and as circumstances

may occur where it should lie, the court inclines to the view
it will lie when such conditions obtain.

4. ———: ———: ———: **Detinue.**	The remedy of replevin has
largely displaced the old remedy by detinue, and the latter
remedy would lie against an executor or administrator, if the
property had been detained by his decedent and had passed
into his hands upon the latter's death.

5. **JUDGMENTS: Default: Relief Granted Limited by Petition.**
Where a defendant defaults, the relief granted against him
may not be greater than that demanded in the petition; and
where a defendant fails to answer a petition against him in
a' representative capacity a personal judgment may not be
rendered against him.

6. **PLEADING: Petition: Construction.**	The intendments of a
petition must be taken most strongly against plaintiff, especial-
ly where a default has occurred.

7. **EXECUTORS AND ADMINISTRATORS: Action Against, in
Representative Capacity: Pleading: Petition Construed.**	A
petition in replevin which described defendant as executrix,
and which alleged the death of decedent, the granting of
letters testamentary to defendant, and her qualifying as ex-
ecutrix and acting as such, and which alleged plaintiff's owner-
ship of the property in controversy and defendant's refusal
to surrender the same on demand, when considered in con-
nection with the summons directed against defendant as ex-
ecutrix, stated a cause of action against defendant as executrix,
and not an action against her individually.

Appeal from St. Louis City Circuit Court.—*Hon. Geo.
C. Hitchcock,* Judge.

AFFIRMED.

*H. A. & C. R. Hamilton* for appellant.

(1)	The proper judgment in replevin, where de-
fendant has the property in his possession, is that de-
fendant return the property or pay the assessed value
at the election of plaintiff. R. S. Mo. 1899, sec. 4476;
Gulath v. Waldstein, 7 Mo. App. 66; Bank v. Thomp-
son, 54 Kan. 307; 3 Blackstone Commentaries (Lewis
Ed.), p. 153; 2 Chitty on Prac., p. 623; Cobbey on Re-
plevin, sec. 1105; Shinn on Replevin, sec. 661b; 17

Ency. of Pl. and Pr., p. 591. (2) Where a petition states a cause of action against a defendant, showing individual liability, the addition of the words executor, etc., will be considered *descriptio personae* and disregarded as surplusage. 21 Ency. of Pl. and Pr., pp. 294, 295; Johnson v. Gaines, 8 Ala. 791; Litchfield v. Flint, 104 N. Y. 543; Stillwell v. Carpenter, 62 N. Y. 639; Bank v. Shuler, 153 N. Y. 163; Andres v. Kridder, 47 Neb. 585; Thomas v. Carson, 46 Neb. 258; State to use v. Matson, 38 Mo. 489; Lavorty v. Woodward, 16 Iowa 1; Braden v. Hollingsworth, 8 Humph (Tenn.) 19; Hood v. Link, 2 B. Mon. (Ky.) 37; Melone v. Davis, 67 Cal. 279; Munch v. Williamson, 24 Cal. 167; 18 Cyc., p. 881, 882; Waldsmith v. Waldsmith, 2 Ohio 333; Millenberger v. Schlegel, 7 Pa. St. 241; Agee v. Williams, 27 Ala. 644; Bragdon v. Harmon, 69 Me. 29; Stillwell v. Carpenter, 2 Abb. N. C. 238; Rider v. Duval, 28 Texas 622; Fitzhugh v. Fitzhugh, 11 Gratt. (Va.) 300; Genet v. DeGraaf, 27 App. Div. N. Y. (1898) 238; Higgins v. Halligan, 46 Ill. 173; Railroad v. Long, 160 Ind. 564; Shepard v. Creamer, 160 Mass. 496; Jerkowski v. Marco, 56 S. C. 241. (3) If an executor or administrator, as such, receives money or takes possession of property to which the estate has no right, he is personally liable in an action by the real owner for its recovery. Am. and Eng. Ency. of Law (2 Ed.), p. 943; Davis v. Krum, 12 Mo. App. 279; Braden v. Hollingsworth, 8 Humph. (Tenn.) 19; Hood v. Link, 2 B. Mon. (Ky.) 37; Waldsmith v. Waldsmith, 2 Ohio 333; Elmore v. Elmore, 58 S. C. 289; McCustian v. Ramey, 33 Ark. 142; Rose v. Cash, 58 Ind. 278; Daily's Adm. v. Daily, 66 Ala. 266; Smith v. Jefferies, 16 So. Rep. 377; Herd v. Herd, 71 Iowa 497; Newsum v. Newsum, 19 Am. Dec. 739; Clayton v. Boyce, 62 Miss. 390; Thompson v. White, 45 Me. 445; Johnson v. McCain, 188 Pa. St. Rep. 513; Heydenfeldt v. Jacobs, 107 Cal. 373.

*P. H. Cullen, Thomas T. Fauntleroy* and *Shepard Barclay* for respondent. ·

(1) The execution is at least irregular, if not void, because it runs against defendant personally (whose individual property was levied upon and advertised for sale). The suit is against the estate of which defendant is executrix; and no execution can properly issue; but the demand should be certified to the probate court for classification. R. S. 1899, secs. 3177, 191-2, 208-10. (2) Such an execution should be quashed on motion as irregular. Wernecke v. Wood, 58 Mo. 352; Brown v. Woody, 64 Mo. 547; Hinkle v. Kerr, 148 Mo. 43; 1 McQuillin, Pract., sec. 1056. It is the right and duty of the court to control its process so as not to permit an injustice to be done thereby, and especially where the writ (as here) is against positive commands of the statute (sec. 3177). Bryant v. Russell, 127 Mo. 422; Collier v. Lead Co., 208 Mo. 246. (3) If the judgment is to be interpreted as one against defendant individually, then it is irregular because the suit is against defendant only as executrix as the caption and recitals in the petition both prove; and a personal judgment in such case is irregular. Laughlin v. McDonald, 1 Mo. 684; Ranney v. Thomas, 45 Mo. 111; Yarrington v. Robinson, 141 Mass. 450; Boyce Ex. v. Grundy, 9 Pet. 287; Smith v. Chapman, 93 U. S. 41. (4) The execution is in favor of an alleged assignee and the abstract of record here shows no assignment of the judgment. The execution does not conform to the judgment and is hence irregular. Only the assignee is entitled to assert the rights conferred by the judgment. R. S. 1899, secs. 3745-8. (5) The execution is in the alternative for the property in suit "or, at the election of plaintiff" for the value thereof. The latter collection was the object of the levy checked by these motions. The execution in that form was irregular and in excess of the prayer of the petition. (6) The judgment on which the exe-

White v. McFarland.

cution was based is irregular and hence it may be set aside after the term of its entry, within three years from its date. It is neither fish, flesh nor fowl. It is irregular and void for uncertainty. R. S. 1899, sec. 795. (7) The relief granted by the judgment is in excess of that prayed, which is irregular in a judgment by default. No other remedy than that first prayed is permissible. R. S. 1899, sec. 776; Heins v. Wicke, 102 Iowa 296; Trust Co. v. College, 68 Minn. 112; Showles v. Freeman, 81 Mo. 540; Lawther v. Agee, 34 Mo. 372; Downing v. Still, 43 Mo. 317; 3 Chitty Pr., 509; 1 McQuillin Pr., sec. 888; Gamache v. Prevost, 71 Mo. 84: Lawther v. Agee, 34 Mo. 372; Stacker v. Court, 25 Mo. 401; Branstetter v. Rives, 34 Mo. 318; Stewart v. Stringer, 41 Mo. 400; Harkness v. Green, 36 Mo. 47; Kelly v. Hogan, 16 Mo. 215. (8) The defendant is sued as executrix and is in charge of an estate as recited in the petition. The writ so runs; yet the return is upon her personally and not as executrix. This is fatally deficient and irregular. 8 Ency. Pl. and Pr., pp. 669, 687, and cases cited. (9) In Missouri returns are strictly construed, and not enlarged by construction. Spencer v. Medder, 5 Mo. 458. (10) The petition does not state a cause of action, and will not support a judgment. It alleges no facts to show title in plaintiff. The allegation that plaintiff is "owner of and lawfully entitled to possession" of the specific property is only a legal conclusion. That formula (or rather one of the two allegations) is permitted in the statutory affidavit for summary delivery (R. S. 1899, sec. 4463) to accompany or supplement a petition; but does not supply any wants therein. As a statutory statement, the petition is fatally deficient in omitting part of the requirements, both the "fourth" and "fifth" thereof being wholly omitted. R. S. 1899, sec. 4463; Gist v. Loring, 60 Mo. 487. The action is maintainable without the statutory affidavit. Eads v. Stephens, 63 Mo. 92. But in that event, facts to establish title in plainiff

are necessary; not legal conclusions alone. Curtis v. Cutler, 7 Neb. 315; Benedict Co. v. Jones, 60 Mo. App. 222. (11) The extent and nature of title claimed by plaintiff must be stated in such an action. Benedict Co. v. Jones, 60 Mo. App. 219; Deyerle v. Hunt, 50 Mo. App. 541; Kern v. Wilson, 73 Iowa 490. (12) When the petition states no cause of action, that objection may be considered first on appeal. Lilly v. Menke, 126 Mo. 190. (13) Where there is a general allegation of ownership and right to possession in plaintiff, and also in the petition a more particular statement that the notes are in possession of defendant and were endorsed in blank by the payee, the more particular statement controls and limits said general language, according to uniform rules of interpretation, and shows no cause of action in plaintiff here. Reynolds v. Copeland, 71 Ind. 422; Haven v. Seeley, 59 Cal. 495; Politowitz v. Tel. Co., 115 Mo. App. 57; Chitty v. Railroad, 148 Mo. 64. (14) Possession of a promissory note endorsed by the payee is prima-facie evidence of title thereto in the possessor (in this case the defendant). The allegations in the petition on this point show affirmatively title in defendant, and no additional facts whereon to base any claim of title by plaintiff thereto. Mason v. Bank, 16 Mo. App. 277; Cloud v. News Co., 23 Mo. App. 319. (15) A default admits only facts well pleaded, and the Statute of Jeofails or amendments is not applicable to a judgment without answer or appearance by defendant. Neidenberger v. Campbell, 11 Mo. 361. The judgment and execution are fatally uncertain, because no election (as mentioned therein) ever was made by plaintiff. Adams v. Champion, 31 Mich. 233.

GOODE, J.—Plaintiff Mary E. Wright brought an action of replevin to the October term, 1907, of the circuit court of the city of St. Louis, against Lucy A. McFarland, describing the defendant in the caption of the case as Lucy A. McFarland, executrix of Charles W.

McFarland, deceased.    The opening allegation of the petition is as follows:

"Plaintiff states that on or about the first day of April, 1907, Charles W. McFarland departed this life, and that thereafter, to-wit, on the 22d day of April, 1907, letters testamentary were duly granted to Lucy A. McFarland, the defendant, by the probate court of the city of St. Louis, Missouri, and that thereupon defendant duly qualified as executrix and is now acting as such."

After making that averment plaintiff proceeded to state she was the owner of and lawfully entitled to the possession of certain personal property, to-wit, seven promissory notes all signed by James Sexton, dated September 14, 1906, payable to William Dwyer, one for seventeen hundred dollars, due three years after date and bearing interest at the rate of eight per cent after maturity, and six for fifty-one dollars each, representing the interest on the principal note and falling due every six months after date; that said notes are endorsed in blank by the payee, William Dwyer. The petition further alleged plaintiff was the owner of a deed of trust of the same date as the notes, executed by said Sexton and conveying lots in the city of St. Louis to the trustee, William Dwyer, to secure the notes; alleged said notes and deed of trust were of the value of $2006; that they had been demanded of defendant; that defendant wrongfully detained them from plaintiff to the latter's damage in the sum of one hundred dollars; wherefore plaintiff demanded judgment against defendant for the recovery of said property and one hundred dollars damages for the detention.   On the filing of said petition a summons was issued from the office of the clerk of the circuit court, directed to the sheriff of the city of St. Louis, commanding him to summon Lucy A. McFarland, executrix of Charles W. McFarland, deceased, to appear before the judge of the circuit court on the first day of the next term, to be held

in the courthouse in the said city on the first day of October, 1907, then and there to answer the complaint of Mary E. White as set forth in the annexed petition. The writ of summons was returned by the sheriff as having been served by delivering a copy and a copy of the petition as furnished by the clerk to Lucy A. McFarland, "defendant herein." The defendant not having answered or filed any other pleading within the first three days of the October term, 1907, but having made default, an interlocutory judgment was entered against her and it was ordered by the court the petition be taken as confessed and an inquiry be had. Afterwards at the December term, 1907, defendant still remaining in default, the interlocutory judgment was made final. The entry of the final judgment recited the cause had come on for a hearing and the plaintiff had appeared by attorney, but defendant had come not; the cause was submitted to the court on the pleadings and evidence and the court being fully advised in the premises "did find that at the time of the institution of this suit and at the present time, the plaintiff was and is the lawful owner and entitled to the possession of the personal property described in plaintiff's petition and that the value of said property was and is twenty hundred and six ($2006) dollars. It is therefore considered and adjudged by the court that plaintiff do have and recover of the defendant, Lucy A. McFarland, the possession of the following personal property" (describing the notes and deed of trust); "or, at the election of plaintiff, she have and recover of the defendant, Lucy A. McFarland, the sum of twenty hundred and six ($2006) dollars, the value of said property as found by the court, together with her costs and charges herein expended and that execution against defendant, Lucy A. McFarland, issue therefor." On December 26, 1908, and during the December term, an execution was issued on the judgment in the name of Mary E. White as plaintiff, to the use of the Oxymel Realty Company, a corpora-

tion, as assignee. This execution recited the judgment for the recovery by plaintiff of the property in controversy, describing the same, that plaintiff have and recover from defendant Lucy A. McFarland, said property, or at her election, the sum of $2006, the value of the property as found by the court and her costs and charges in that behalf expended, which were adjudged for plaintiff, as appears of record. The execution concluded by commanding the sheriff as follows:

"That without delay you cause to be delivered to the said plaintiff the possession of said personal property, or at the election of plaintiff the value thereof, and that of the goods and chattels and real estate of the said Lucy A. McFarland, you cause to be made the aforesaid sums and costs, that you have the same before the judge of said court on the first Monday of February, next, to render to the said plaintiff the sums and costs aforesaid, and that you certify to said judge how you execute this writ, and have you then and there this writ."

The execution was duly attested by the official signature of the clerk of the circuit court and the seal of the court. After receiving the writ the sheriff, July 7, 1909, levied the same on certain real estate belonging to Lucy A. McFarland in     person and advertised it for sale. Afterwards, on July 22, 1909, at the December term, 1908, of the court, Lucy A. McFarland appeared and moved the court to recall and quash the execution, levy and proceedings therein, because they were irregular and not in conformity to law, assigning various reasons; among others, these: The execution was directed against her personally and her property, whereas the action was against her only as the executrix of Charles W. McFarland; the court had no jurisdiction to render the personal judgment on which the execution was issued; the execution was irregular because it sought to enforce relief in excess of what the petition prayed; was irregular because the claim was one of

probate jurisdiction and should have been certified to the probate court. On the same day, January 22, 1909, defendant Lucy A. McFarland, as executrix of Charles W. McFarland, deceased, appeared by her attorney and moved the court to set aside for irregularity the default and judgment rendered in the cause, assigning substantially the same grounds assigned in her motion to recall and quash the execution. Evidence was heard on the motions, but we find none which we deem necessary to state. The court took the two motions under advisement and afterwards, January 30th, during the December term, 1908, continued them to the February term, 1909, at which term both motions were sustained and judgment entered quashing the execution and setting aside the judgment which had been entered in the case December 23, 1907. Plaintiff appealed.

The reason assigned by the court below for quashing the execution and setting aside the judgment, was that the entire record in the cause showed the action had been instituted against Lucy A. McFarland, not in her individual capacity, but as executrix of Charles W. McFarland, deceased, and hence the judgment against her personally for the value of the notes and deed of trust sought to be replevied was void. It will suffice to sustain the ruling if the judgment following the default was irregular, the application for relief having been made within the statutory period. Unquestionably the judgment was irregular, and perhaps void, if the action was against defendant in her representative and not her individual capacity; for if it was against her as executrix, no judgment for the value of the property should have been rendered against her personally and to be satisfied out of her personal assets instead of the assets of the estate she represented. [Laughlin v. McDonald, 2 Mo. 684; Ranney, Admr., v. Thomas, 45 Mo. 111.] The contention of counsel for plaintiff is that notwithstanding defendant was described as executrix in the caption of the

petition, and the petition commenced with an averment of the death of McFarland, the grant of letters testamentary on his estate to defendant and that she had qualified as executrix and was acting as such, and notwithstanding, too, in the writ of summons the order was to summon her as executrix, the action is to be regarded as brought against her individually and all the allegations pointing to representative capacity rejected as surplusage or treated as descriptive matter meant to identify the person sued. The argument is that an action of replevin, or any other action in tort, will not lie against a personal representative of an estate, executor, executrix or administrator, because if the personal representative detains property as being assets of the estate against the demand of some person to whom it really belongs, the unlawful detention is the tort of the executor or executrix for which the liability is personal and not in an administrative capacity. Likely this position is not always true, though many remarks can be found in cases and text-books which lend countenance to it. No doubt an executor or administrator is personally responsible for the property he detains from a claimant as an asset of the estate with knowledge that it did not belong to his decedent, but to the claimant. But this case might be an illustration of the fact that rank injustice would result if the rule be given an arbitrary application under all circumstances. Suppose the decedent Charles W. McFarland had died with the notes and deed of trust in question in his possession and with the endorsement of the payee in blank on the notes, thereby indicating prima facie they were his property, and under those conditions defendant inventoried and held them as assets, and believing in good faith they were assets, she refused to turn them over to plaintiff on demand and was sued in replevin; then, even if she had answered in the case, inasmuch as the property remained in her possession at the time of the judgment, under the statute the judgment would

have to be either for the return of the property to plaintiff or the recovery of its value *at the election of plaintiff*. [Gulath v. Waldstein, 7 Mo. App. 66; Morris v. Williams, 131 Mo. App. 371, 111 S. W. 671; R. S. 1899, sec. 4476.] On the theory advanced by counsel a judgment for plaintiff would go against defendant individually for the entire value of the property, though she had been resisting plaintiff's demand in the honest belief the notes belonged to the estate. The Supreme Court has held if an administrator sues in replevin and is defeated and the property has been turned over to him, a judgment for its value in favor of the defendant should be rendered against him as administrator, *de bonis testatoris*, not *de bonis propriis*. [Ranney v. Thomas, supra; State to use v. Farrar, 77 Mo. 175.] Those decisions are not in point, but are cited as a basis for the remark that it would be as unjust to lay a defendant administrator liable for the value of replevied property if he honestly inventoried and detained it without reason to believe it was not assets, as to hold a bona fide plaintiff administrator liable. It never has been pointedly decided in this State that under no circumstance will the remedy of replevin lie against an administrator, and as circumstances may occur where it should lie, we incline to think it then will lie, and authority to support the proposition is not lacking. The remedy of replevin has largely displaced the old remedy by detinue, and that detinue would lie against an executor or administrator if the property had been detained by his decedent and had passed into his hands upon the death of the decedent, has been determined on great consideration. The question was gone over in a very learned opinion rendered by the Supreme Court of Virginia in Catletts' Excr. v. Russell, 6 Leigh 344. See also Alexander, Excr., v. Harlan's Admr., Id. 42; Brewer v. Strong's Excr., 10 Ala. 961; Easly, Adm., v. Boyd, 12 Ala. 684. We do not think the Legislature ever contemplated the contingency of an executor or

administrator being laid liable personally for the value of property he had detained when he received it in good faith from the decedent and in good faith held it as an asset of the estate.   In McDermott v. Doyle, 17 Mo. 363, it was held detinue would not lie against an administrator and cases were cited to that effect.   But in Kingsbury v. Lane's Admr., 21 Mo. 115, the *dicta* in that opinion were discarded and it was said "the question (*i. e.*, the point decided) was as to the continuance of an action of detinue against the administrator of a deceased defendant, when the damages to be recovered for the detention may come down to the time of the verdict, and so embrace damages for which the administrator alone was personally liable; and the   decision proceeds upon that ground."    In the case last cited the court assumed for the sake of argument replevin would not lie against an executor or administrator, but expressly declined to decide it would not.   The reasoning of the opinion is instructive; for Judge LEONARD said in effect the only assignable reason why replevin could not be instituted against a wrongdoer's administrator, was because if the property was detained after the death of the decedent the detention was a mere individual wrong on the part of the administrator for which he was personally liable; and we may observe the rule against such an action should be   extended   no further than the reason of the rule reaches.   It should not be extended so far as to make an innocent detention by an administrator cause for giving judgment against him for the full value of the property.   In that case the real question was whether an action of replevin brought against a party in his lifetime survived against his administrator.   The contention that it did not survive was based on a statute regulating the survival of actions and continuing after the death of the original party only such as might   be   brought   as   original actions against an executor or administrator.   It would seem in view of the language of the statute a replevin

action against a party who died after it was commenced, would not survive unless it could have been brought against his executor or administrator. However the court did not put the decision on this ground, but rather on the ground that, if it was granted, the action would not lie as an original one against the administrator. The reason of this rule was not applicable to a case where it was sought to continue such an action against an administrator, if it was commenced against his decedent. Gleaning from that opinion and the opinions in other cases we have cited their essential spirit, and having in mind our statute and the form of judgment prescribed in replevin when the defendant remains in possession of the property, we are not satisfied with the argument based on the assumption that replevin never will lie against an executor or administrator as such. The case of Rose v. Cash, 58 Ind. 278, implies that such an action will lie, for it states that the administrator may defend against in a personal action in replevin by proving he secured the property as administrator and it belonged to the estate.

The question we are directly concerned with and must decide is not whether this action will lie against the defendant in her representative capacity, but whether it was brought against her in that capacity; and we are discussing the former proposition simply as throwing light on the meaning of the petition and because counsel for plaintiff insist that under the cases they cite, the petition should be regarded as proceeding against defendant personally, since, as they argue, she could not be proceeded against as executrix. The petition contains no allegations that the property in question had been detained by the testator McFarland and had passed from his hands into defendant's hands at his death. If that allegation had been made the intention would have been palpable to declare against defendant as executrix. But without it, this intention breathes from the averments. No one would say the petition

would be fatally defective after judgment against defendant as executrix for stating no case against her as executrix, if such a case and judgment are permitted by the law; for clearly the averments would suffice to charge her as executrix. Nor do we think the petition would be bad on demurrer as not containing averments sufficient to charge her as a representative of the testator, granting she might thus be sued. We are not saying plaintiff could not have amended if defendant had appeared. What we are called upon to decide is what relief could be granted upon a default, and it is elementary law that no relief can be granted against the defendant other or greater than that asked by the petition; and if defendant failed to answer a petition against her in a representative capacity, no personal judgment could be rendered on such a petition. [8 Ency. Pl. and Pr., 686.] The theory underlying this strictness of rule is that the reasonable inference is the defendant in default is willing to have the plaintiff granted the relief his petition asked, but no intendment can be indulged that he is willing for other relief to be granted. We have found no case which considered the question of whether a person sued as a representative and failing to answer can be subjected to a judgment against him personally. Various cases have been cited to the effect that in actions of tort brought against parties who were described as executors or administrators and who answered, the words descriptive of the capacity could be treated as surplusage or as intended to identify the party sued, and a personal judgment rendered against him. [Hood, Admr., v. Link, 2 B. Mon. (Ky.) 37; Musselman v. Commonwealth, 7 Pa. St. 240; Litchfield v. Flint, 104 N. Y. 543; Rose v. Cash, 58 Ind. 278; Daily's Admr. v. Daily, 66 Ala. 266.] What was held in those cases was that the action would not fail against the defendants individually because of the descriptive matter, but none of them decided it would be rejected as surplusage or taken merely to

identify the defendant, in the event of a default. The petition in none of them, we believe, contained allegations which so pointedly expressed a purpose to sue the defendant as a representative and not personally, as do the allegations in the petition at bar, which sets out the death of McFarland, its date, the grant of letters testamentary to defendant and that she had qualified as executrix and was acting as such. The intendments of the petition are to be taken most strongly against the plaintiff, and particularly is this true where a default has occurred. We agree with the court below the petition in this case should be construed to state a cause of action against defendant as executrix of her deceased testator, not against her individually, and hold the judgment was rightly set aside.

The judgment of the court below setting it aside is affirmed. All concur.