Lee vs. Sparr.

### LEE vs. SPARR.

The 31st section, article 1st, of the "act concerning slaves," providing that "any master, commander or owner of any boat, or other vessel, who shall transport any slave out of this State, in such vessel, or from one point or place in this State to any other point or place in the same, in such vessel, without the consent or permission of the person to whom such slave does of right belong, or who has authority to grant such consent or permission, shall forfeit and pay the value of such slave to his owner, to be recovered by action of debt, without prejudice to the right of such owner to his action at common law," is applicable only to the master, commander or owner who *transports* a slave, contrary to the act, and not to a mere part owner, who was absent, knew nothing of, nor counseled, nor consented to the transportation. The stringent provisions of the act are applicable to the master, commander or owner, guilty of this violation, and the boat itself (*in rem*) is liable to the penal infliction imposed by the statute, but a mere owner not so guilty, is not liable beyond the actual damage sustained, recoverable in an ordinary common law action.

### ERROR to St. Louis Circuit Court.

GANTT, for plaintiffs in error.

I. By the act of 1845, respecting slaves, (Rev. C. 1018) the boat or vessel in which a slave is transported out of this State, or from one place to another in this State, shall be liable to the statutory fine and may be proceeded against according to the provisions of "an act concerning boats and vessels," without prejudice, &c. Sec. 32, p. 1018.

II. It follows from this section that each owner is liable for the acts of his joint owners or of the agent of them all (the master); and however the account may stand between the several owners, the joint property of them all (the boat) is made to answer for the malfeasance of any one of them, or for the malfeasance of their agent.

III. It follows, further, that it cannot be necessary to show that any particular owner is privy to the carrying away of a slave in a steamboat in order to render him liable for the

violation of the law committed by means of his property, though not by himself, *per se* : for if the master, not being an owner, should transport any slave in the vessel he commands, out of the State of Missouri, without, &c., the boat itself will be liable to the owners of the slave, for certain statutory and cumulative penalties. That is, the property of all the owners would be rendered answerable to the master of the slave, on account of the breach of duty by the captain of the boat, and this without any privity on the part of the owners, or any of them.

IV. But if this be so there will remain no ground for denying that one owner, sued by the master of an abducted slave, for the malfeasance of his co-tenants, is bound by the acts of such co-tenants, although he may have been ignorant of them.

V. The phraseology of the act of 1845, is different from that of the act of 1835, on the subject of slaves. The argument of the plaintiff in error is founded upon this difference.

The act of 1835 was in force at the time the cause of action arose in the case of Price vs. Thornton and others, (10 Mo. R. 135) and, therefore, that case does not decide the present.

VI. A different construction from that contended for by plaintiff in error will make the implication of the penalty depend upon the forms of the proceeding, not upon the merits of the case.

## FIELD, for defendant in error.

I. There was no competent evidence against the defendant that the slave was ever taken without the State. The statement of the clerk was mere hearsay. He was a competent witness and ought to have been called to testify under oath.

II. Taking the declaration of the clerk to be true, they did not establish the cause of action, for it did not appear that the defendant authorized the taking away of the slave, or knew anything about it.

The suit, though civil in form, was substantially a criminal proceeding to recover a heavy penalty.

It is conceived there is no principle upon which the defendant could be held answerable in this proceeding, for the unauthorized act of the officers of the boat that would not also subject him to an indictment for the same offence. Price vs. Thornton, 10 Mo. R. 136.

## BIRCH, J., delivered the opinion of the court.

This was an action under the 31st section of the 1st article of the act "concerning slaves," which is as follows :

"Any master, commander or owner of any boat or other vessel, who shall transport any slave out of this State, in such vessel, or from one point or place in this State to any other point or place in the same, in such vessel, without the consent or permission of the person to whom such slave does of right belong, or who has authority to grant such consent or permission, shall forfeit and pay the value of such slave to his owner. to be recovered by action of debt, without prejudice to the right of such owner to his action at common law."

It was stated in the first count of the declaration that the plaintiff was the owner of the slave therein mentioned, that the defendants were the owners of the steamboat "Edward Bates," and that in the year 1848, they transported the slave of the plaintiff from St. Louis, in this State,

to Keokuk, in the State of Iowa, without the consent of the plaintiff, or any authorized person, and that the slave was worth eight hundred dollars.

The second count merely stated as the *gravamen*, that the defendant transported the slave out of this State, in the steamer "Edward Bates," without consent, &c.

There having been a judgment by default against one of the defendants, and none of the others, except Sparr, having been served with process, he pleaded the general issue, and on the trial (as to him) it was proven that the plaintiff was the owner of the slave, and that the defendant was one of the owners of the "Bates." The witness, who was the plaintiff's agent for hiring his slaves also testified, that some eight days before the 20th of June, 1848, (covering the time alleged in the declaration) he missed the slave in question, and hearing that he was on board the "Bates," a packet boat running between St. Louis and Keokuk, repaired to the wharf, found the boat about starting with the slave on board, and took him off. The clerk of the boat told witness that the slave had been thus on board the boat for two trips, and offered to pay the hire, which witness declined to receive.

The witness further testified that the slave was worth six hundred dollars; that he had never authorized the hiring of him on said boat, and knows from his relation to the plaintiff that he did not, and that soon after the occurrence the defendant called on the plaintiff and told him he wished to compromise the matter, as he had sold out of the "Edward Bates" since the taking of the slave to Keokuk.

This being the substance of the testimony, the court, at the instance of the defendant (the plaintiff objecting) instructed the jury that the plaintiff could not recover in this action. The plaintiff excepted to this instruction, took a non-suit with leave to move to set it aside, and having done so, assigning the instruction of the court as the reason therefor, and the motion being overruled, he brings the case to this court by writ of error.

We are of opinion that whilst the stringent provisions of the act in question may be well enough, and invariably applied to the punishment of the master, commander or owner of a boat who transports a slave out of the State, the phrase is inapplicable to a mere part owner, as in this case, who was absent, and who it is not pretended either knew of, counseled or consented to the commission of the act complained of, whilst, therefore, from the testimony, the captain or commander in this case, or the boat itself, (*in rem*) was doubtless liable to the penal infliction imposed by the statute, a mere ownet should not be rendered liable

beyond the actual damage sustained, and for that, of course, in an action different from the present one.

The judgment of the circuit court is, therefore, affirmed.