CROW, Appellant, v. RELIABLE JEWELRY COMPANY et al., Respondents.

St. Louis Court of Appeals, February 13, 1906.

1. **PRINCIPAL AND SURETY: Appeal Bond: Judgment against Surety on Appeal from a Justice of the Peace.** Under sections 4081 et seq., Revised Statutes of 1899, a judgment in the circuit court on appeal from a justice of the peace, can be rendered against the surety on the appeal bond only when judgment is at the same time rendered against the principal. Where on such appeal the case was dismissed as to the principal and judgment rendered against the surety, it was contrary to the general rule of law by which a release of the principal releases the surety, and contrary to the language of the statutes.

2. ———: ———: ———: **Negligence.** Where on an appeal from a judgment rendered by a justice of the peace, the cause was dismissed as against the principal and judgment rendered against the surety, the surety was not necessarily negligent in failing to look after the case until the term had passed at which the judgment was rendered, and he could afterwards maintain an action to enjoin the levy of an execution issued upon the judgment, on the ground of fraud in its procurement.

3. **APPELLANT PRACTICE: Record Proper: Ruling on Demurrer.** A demurrer, the ruling thereon and the final judgment entered in pursuance of the ruling are parts of the record proper and may be reviewed on appeal without motion for new trial or bill of exceptions.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED (*with directions*).

*C. G. Shepard* for appellant.

(1) A release of the principal will always discharge the surety. Midget v. Matson, 44 Mo. 308; Sisk v. Rosenberger, 82 Mo. 46; Bryan v. Kinyon, 57 L. R. A. 803; Hempstead v. Hempstead, 27 Mo. 196; Steele v. Johnson, 69 S. W. 1065; Fullerton Lumber Co. v. Gates, 89 Mo. App. 201; Bingham v. Mears, 27 L. R. A. 261; Michael v. Ball, 32 S. W. 238; State v. McGonigle, 101 Mo. 353; Brandt, Suretyship, sec.330. (2) It has been repeatedly held in this State that where a judgment at law had been obtained by fraud or mistake, a court of equity will interfere and set aside the judgment, provided the defendant in the judgment has not been negligent in availing himself of the legal rights that may have been open to him. The sale of land will be enjoined at the suit of the owner, where the person sought to be enjoined has the apparent right to sell the land and thereby create a record title which, upon the face of it, would be superior to that of the complainant. Smith v. Taylor, 78 Mo. App. 630; Bornschein v. Finck, 13 Mo. App. 120; Bresnehan v. Price, 57, Mo. 422; Stockton v. Ransom, 60 Mo. 535; Gazollo v. McCann, 63 Mo. App. 414; Sauer v. The City of Kansas, 69 Mo. 46; Gerhart v. Brady, 72 Mo. App. 140; Goldie Const. Co., v. Rich Const Co., 86 S. W. 587.

*Farris & Oliver* for respondents.

GOODE, J.—A demurrer having been sustained to the appellant's petition, he stood on his pleading and refused to amend; whereupon the petition, which was in the nature of a bill in equity, was dismissed and final judgment entered against him. He appealed.

According to the averments of the petition, the Re-

116 App—40

liable Jewelry Company is a corporation organized and existing under the laws of the State of Illinois and J. A. Franklin, the other defendant, is the sheriff of Pemiscot county. Heretofore, C. G. Shepard was engaged in the mercantile business in Caruthersville, in that county, under the style of C. G. Shepard & Co. The Reliable Jewelry Company sued said Shepard before a justice of the peace for an alleged debt, and judgment before the justice went against Shepard and in favor of the jewelry company. Shepard appealed to the circuit court of Pemiscot county, and the appellant in this action, Charles A. Crow, signed the appeal bond as his surety. The appeal case came on for trial in the circuit court at the November term, 1903, and on the 28th day of November, a trial was had resulting in a judgment against Crow in favor of the Reliable Jewelry Company. Said company as plaintiff in the action pending on the account against Shepard, dismissed the action as to him, though he was the sole defendant and the principal on the appeal bond, and had judgment rendered against Crow alone as surety on the bond. Afterwards, the Reliable Jewelry Company caused an execution to be issued on the judgment against Crow and placed the writ in the hands of Franklin, the sheriff, for collection. When the petition in the present cause was filed, Franklin was threatening and attempting to levy the execution on property in order to collect the judgment. The petition further alleges that before appellant became aware judgment had been rendered against him, the time for taking an appeal had elapsed. The appellant was not present when the cause was dismissed as to Shepard and judgment rendered against appellant, and he knew nothing of the judgment until the sheriff attempted to enforce the execution. The petition further alleges that the dismissal of the claim as to defendant Shepard was a fraud on the rights of appellant and committed without his knowledge or consent, as was the rendition of the judgment against him as surety on the

appeal bond after the dismissal against his principal; that, unless the sheriff is restrained from levying the execution, irreparable loss will result to the appellant and he will be compelled to pay out money on said judgment or his property seized and sold. The relief prayed was that the sheriff be restrained from attempting to enforce the execution, that it be recalled and the judgment against plaintiff in favor of the Reliable Jewelry Company declared null and void.

Plaintiff contends that his petition stated a good cause of action. The only ground of demurrer was that it did not.

The statutes provide that on an appeal from a justice's court, if the judgment of the justice is affirmed, or on a trial anew in the circuit court the judgment goes against the appellant, such judgment shall be rendered against him and his sureties on the recognizance for the appeal. [R. S. 1899, sec. 4081.] The next section provides that if an execution is issued on such judgment and the principal does not pay it, and the officer cannot find sufficient property of the principal to satisfy the same, such officer shall specify in his return by whom the money was paid. [Sec. 4082.] The succeeding section provides that if a surety on the appeal bond pays a judgment against his principal in full or in part, the surety shall be entitled to a judgment on motion against the principal for the amount paid by him with interest. [Sec. 4083.] Those statutes authorize a judgment against a surety on an appeal bond only in connection with a judgment against the principal. They do not intend that the plaintiff in a cause which has been appealed from a justice's court, may dismiss the proceeding in the latter court as to the defendant and take judgment against his surety. Such a rule is not to be ingrafted on the statutes, for it is incompatible with the general doctrine of the law regarding sureties, whose liability is discharged by a release of the principal. Moreover as to the sureties, the statutory remedy is summary,

in derogation of the common law and therefore calls for a strict construction. We think the rendition of the judgment against the appellant after the cause against his principal had been dismissed, was directly contrary to the language of the statutes.

Neither was the present appellant necessarily guilty of negligence in the matter. So flagrant a departure from the statutory procedure was not to be expected; and it is well known that sureties on appeal bonds in cases appealed from justices' courts are not accustomed to look after the case in the circuit court, but rely rather on the party to the suit for whom they are sureties doing so and on the regular statutory steps being pursued. It would not be likely to occur to a surety that his principal might be released and judgment entered against him. But the essential fact is that the petition avers fraud in procuring the judgment. Whether this fraud consisted in a collusive arrangement between the parties to the case, pursuant to which the cause against the defendant was dismissed and judgment taken against Crow; or whether the judgment was in violation of an arrangement to dismiss the cause entirely; or whether the fraud was of some other form, the petition does not say; as perhaps it ought. But the proceeding below was so unusual and such an injustice to appellant, that we think the facts ought to be investigated to see whether ground for equitable interference exists; and we think it does exist, unless Crow knew in advance of the action contemplated and did not oppose it, or obtained knowledge of what had been done in time to take steps to have the judgment against him set aside during the term when it was rendered. We do not say the appellant had no right of appeal, but the circumstances stated warrant an inquiry.

No attempt has been made to support the ruling of the lower court on the demurrer; the respondent's counsel having confined their suggestions to the proposition that the appeal cannot be considered because no motion for new trial or bill of exceptions was filed by the appel-

lant. But as final judgment was entered on the demurrer, it and the judgment are part of the record proper. [Speers v. Bond, 79 Mo. 467; Hannah v. Hannah, 109 Mo. 236, 19 S. W. 87.]

The judgment is reversed and the cause remanded with the direction to overrule the demurrer. All concur.