STATE OF MISSOURI ex rel. F. P. BLAIR, CITY COLLECTOR OF THE CITY OF CARTERVILLE, MO., Defendant in error v. GARNETT MINING COMPANY, C. C. PLAYTER and D. N. FRIEND, Plaintiffs in error.

Springfield Court of Appeals, March 3, 1913.

1. WRIT OF ERROR: Omission of Parties to: How Supplied. An omission to join in proceedings in error two of the parties against whom judgment was rendered in the circuit court, as

provided in Sec. 2058, R. S. 1909, was remedied by written application to appellate court of these two parties to be permitted to join in the writ and to have the writ and proceedings amended by inserting their names, as provided by Sec. 2066, R. S. 1909, such application being sustained.

2. **APPEAL AND ERROR: Suggestion of Relator's Death: When to be Made.** Under Sec. 1925, R. S. 1909, the suggestion of the death of the relator should have been made to the trial court, the death of the relator having occurred prior to rendition of judgment in that court. The statute does not authorize the substitution of any person by the appellate court to act in relator's stead, unless his death occurs while the cause is pending in this court.

3. **ENTERING APPEARANCE: Waiving Defects by.** In a suit against the defendant mining company for collection of taxes, defendant entered its appearance numerous times by filing motions, etc. It thereby waived all irregularities and the numerous errors of clerical nature made in entitling different proceedings in the case, it appearing that the defendant was in no wise misled thereby.

4. **APPEAL FROM JUSTICE COURT: Bond Defective: Circuit Court's Jurisdiction.** On an appeal from a justice of the peace, any irregularity or insufficiency in the affidavit or bond for appeal would not deprive the circuit court of jurisdiction over the case, where the appeal had been granted and the transcript and papers lodged in the circuit court, Section 7580, R. S. 1909, providing that no appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance or because the affidavit or recognizance is defective or insufficient.

5. **————: Circuit Court's Jurisdiction as to Sureties.** Though the jurisdiction of the circuit court over the case is not affected by a defective or insufficient bond for appeal, yet such bond may be so defective or lacking in proper conditions as to prevent the circuit court from rendering a judgment against the sureties.

6. **APPEAL: Defective Bond: Judgment Against Sureties on.** A surety on a bond is bound only by the strict letter of his bond. Unless the bond in question is sufficient to sustain an independent action on the same for the violation of its conditions, no judgment can be rendered properly against the sureties under Sec. 7589, R. S. 1909, providing for a summary judgment against the sureties.

7. **————: Remedy for Defective Bond.** Where an appeal is granted by a justice of the peace without requiring a proper appeal bond a remedy is furnished by Sec. 7580, R. S. 1909, which provides that if a good and sufficient bond shall be given before

State ex rel. v. Mining Co.

the determination of a motion to dismiss, the appeal shall not be dismissed for want of a bond or a sufficient bond.

8. **WRIT OF ERROR: Parties to.** Where the record shows that the case was dismissed as to one of the defendants in the justice court, he can not thereafter be treated as a party to the suit and a judgment rendered against him.

9. **APPEAL: Defective Bond: When Sureties Not Bound by.** The sureties on a bond entitled, "F. P. Blair, Collector of the City of Carterville, Plaintiff, v. Garnett Mining Company, Defendant," are not bound under Sec. 7589, R. S. 1909, by a judgment in a suit which was entitled, "State of Missouri ex rel. F. P. Blair, Collector of the City of Carterville, Plaintiff, v. W. M. Kavenaugh et al., Defendants," because the judgment is in favor of the "State of Missouri at the relation and to the use of F. P. Blair, City Collector, etc.," while the obligation of the bond is to "F. P. Blair, Collector of the City of Carterville."

Error to Circuit Court, Jasper County, Division Number One.—*Hon. Joseph D. Perkins*, Judge.

REVERSED AND REMANDED (*with directions*).

*Merritt* and *Spiva* for plaintiff in error.

1. Bond is not statutory bond as is required in appeals and in such case judgment is void. Distilling Co. v. Kermis, 79 Mo. App. 111. 2. Surety in a bond has a right to stand on the strict letter of his bond and his obligation is strictly construed. Rothman v. Kermis 79 Mo. App. 111; Hil v. Keller, 179 Mo. App. 710; Erath v. Flynn, 55 Mo. App. 107; Blair v. Jus. Co., 10 Mo. 566; Harrisonville v. Porter, 76 Mo. 385. 3. The name of the plaintiff in the affidavit and bond is not the plaintiff in the judgment, and the court had no jurisdiction to render the judgment. State to use, etc., v. Hammond, 92 Mo. App. 231. 4. Where the bond is to "A" and the action is commenced and proceeds in the name of the State at the relation and to the use of "A" and the point is properly saved by an objection to the evidence at the trial, a judgment for the plaintiff will

be reversed. State to use, etc. v. McElroy, 9 Mo. App. 580. 5. Judgment is without authority of law and ought to be reversed, because of death of relator before date of same, and which fact is for the first time, in this case, suggested in this court. Secs. 1923-1925, R. S. 1909. 6. Justice court had no jurisdiction, and circuit court therefore had no jurisdiction to render judgment. Demors v. Furniture Co., 74 Mo. App. 117; Bank v. Doak, 75 Mo. App. 332; Nenno v. Railroad, 195 Mo. App. 540; Brownfield v. Thornyson, 96 Mo. App. 340.

*Allen McReynolds* for defendant in error.

1. Defendant Garnett Mining Company's application for change of venue in justice court, and also its application for change of venue in circuit court, gave jurisdiction over the defendant. Feedler v. Schroeder, 59 Mo. 364; Baisley v. Baisley, 113 Mo. 544; Julian v. Kansas City Star, 209 Mo. 35; Winningham v. Trueblood, 149 Mo. 586; Ivy v. Yancy, 129 Mo. 506; Montgomery v. Insurance Co., 80 Mo. App. 500. 2. Not only was the defendant Garnett Milling Company in court on its application for a change of venue, but it is in court on a stipulation for continuance, filed before F. A. Smith, justice of the peace. Orear v. Clough, 52 Mo. 55; Peters v. Railroad, 59 Mo. 406; Markey v. Railroad, 185 Mo. 348. 3. The mistake on the part of the justice and of counsel in entitling cause in no way affects or invalidates the judgment. Patterson v. Yancy, 97 Mo. App. 681; Hite v. Hunter, 20 Mo. 285; Thurman v. James, 48 Mo. 235; Murphy v. Sun, 3 Mo. App. 594. 4. An incorrect designation of an obligee in a bond is not fatal. All that is necessary is that it is payable to some certain person and that in the light of the circumstances, the obligee cannot be mistaken. Tevis v. Randall, 6 Cal. 632, 65 Am. Dec. 547; Brown & Haywood Co. v. Ligon, 92 Fed. 851. 5. The fact of the death of F. P. Blair, collector of the city of Carter-

ville, is not pertinent to the issues here tendered and the affidavit of his death should be stricken from the files. Writs of error have to do only with the record. Extraneous matters are not to be considered. Art. 16, General Code, R. S. 1909. 6. This court, if it deems it necessary, has the right to substitute the name of another representative of the city of Carterville. Sec. 1925 R. S. 1909.

STATEMENT.—A writ of error was issued out of this court on July 12, 1912, on the application of the Garnett Mining Company. Subsequently, on October 7, 1912, D. N. Friend and C. C. Playter filed a motion in this court under section 2066, Revised Statutes 1909, asking that they be permitted to join in the writ, the judgment of the circuit court having been against the Garnett Mining Company, as principal, and D. N. Friend and C. C. Playter as sureties on an appeal bond given in a justice's court, out of which this litigation arose.

In order to arrive at an understanding of the questions involved on this appeal, it is found necessary to set out, step by step, the meanderings of this lawsuit through and among the courts of Jasper county.

(1) On March 13, 1911, a petition in a suit for delinquent taxes was filed with Justice of the Peace C. N. Berry in Jasper county entitled as follows: "The State of Missouri, at the relation and to the use of F. P. Blair, City Collector within and for the City of Carterville, in Jasper County, Missouri, Plaintiff, versus W. M. Kavanaugh and Garnett Mining Company, defendant." A summons was issued by this justice on the same day commanding the two defendants to appear and answer the complaint of "F. P. Blair, Collector of the City of Carterville, Missouri," and fixing the return day on April 6, 1911. On this day, the defendant, Garnett Mining Company, by its attorney, Horace Merritt, filed an affidavit for change

of venue entitled, "F. P. Blair, Collector of the City of Carterville, Plaintiff, v. Garnett Mining Company, Defendant." Justice Berry, in making up his transcript, entitled the cause, "F. P. Blair, City Collector, Plaintiff v. W. M. Kavanaugh, Garnett Mining Company Defendant," and recites the filing of the petition, the issuance of summons, the return showing that service was had on Horace Merritt, the filing of the affidavit for a change of venue, and forwards the case to Fred A. Smith, a justice of the peace of Jasper county.

(2) Justice Smith gave notice to the defendant of the time of trial entitled "F. P. Blair, City Collector within and for the City of Carterville" and no more. The notice given to the plaintiff was entitled "F. P. Blair, City Collector within and for the City of Carterville, vs. W. M. Kavanaugh, and Garnett Mining Company." On April 20, 1911, the day set for trial, there was filed with Justice Smith a stipulation to continue the cause until Friday, May 5, 1911, and this stipulation was entitled, "State ex rel. F. P. Blair, Collector City of Carterville, Plaintiff, v. Garnett Mining Company et al., Defendants." It is signed, "Allen McReynolds, Atty. for Plaintiff. Merritt & Spiva." On May 4, 1911, the plaintiff through F. P. Blair filed an application for a change of venue from Justice Smith, entitling the application "State ex rel. F. P. Blair, City Collector of City of Carterville, Plaintiff, v. W. M. Kavanaugh et al., Defendants." Justice Smith made up his transcript, entitling the cause, "F. P. Blair, City Col. of the City of Carterville, Plaintiff, vs. W. M. Kavanuagh and Garnett Mining Company, Defendants," and forwarded the papers to Justice Chas. E. Scafe, another justice of the peace of Jasper county.

(3) Justice Scafe issued notices, setting the trial for May 17, 1911, entitling the notice which he gave to the plaintiff, "State of Missouri, F. Blair, Col. of

the City of Carterville, vs. Garnett Mining Company, W. M. Cavanaugh.'' The notice which he gave the defendant was entitled, ''State of Missouri, F. P. Blair, Col. City of Carterville, v. Garnett Mining Company, W. M. Cavanaugh.'' On May 17, 1911, a judgment was rendered against the Garnett Mining Company by default for the sum of $199.42. This information is gleaned from Justice Scafe's transcript, and it is also therein recited that plaintiff dismissed as to ''W. M. Cavanaugh,'' and that ''the defendant filed bond and affidavit in appeal in the sum of $500 signed by Garnett Mining Company by Cavanaugh, Pres., Cavanaugh, C. C. Playter and D. N. Friend.'' The bond as printed in the record shows the signature as follows: ''Garnett Mining Company, by W. M. Kavanaugh, Pres., C. C. Playter, D. N. Friend.'' The affidavit for appeal was sworn to by D. N. Friend. Both the affidavit for appeal and the appeal bond were entitled as follows: ''F. P. Blair, Collector of the City of Carterville, Plaintiff, v. Garnett Mining Company, Defendant.'' The bond was in the usual form, but recited that the action was between ''F. P. Blair, Collector of the City of Carterville, Plaintiff, and Garnett Mining Company, Defendant.''

(4) When the case reached the circuit court of Jasper county and was filed there (on May 31, 1911), the circuit clerk entitled the cause, ''State of Missouri ex rel. F. P. Blair, Collector of the City of Carterville, Plaintiff, v. W. M. Kavanaugh et al., Defendants,'' and all the record entries in the circuit court are so entitled except the judgment which was rendered in another division and which will be noticed presently. It appears that an application for a change of venue was made by Merritt & Spiva, attorneys for defendant, on May 27, 1911, and sworn to by D. N. Friend, setting up that defendant could not have a fair and impartial trial before D. E. Blair, judge of Division No. Two, and the application was entitled, ''F. P. Blair, Collector of

the City of Carterville, Missouri, Plaintiff, v. Garnett Mining Company, Defendant.'' The application was granted and the papers transferred to Division Number One of the circuit court.

(5) The next record entry in the case shows that on January 4, 1912, a motion to dismiss was filed by the defendant, Garnett Mining Company. This motion was entitled, ''F. P. Bair, Collector of the City of Carterville, Plaintiff, v. W. M. Kavanaugh, Garnett Mining Company, Defendant,'' and was signed, ''Horace Merritt & W. E. Spiva, Attorneys for Defendant Garnett Mining Company.'' The record entry of the filing of this motion and also the record entry of the overruling of the same are entitled, ''State of Missouri ex rel. F. P. Blair, Collector of the City of Carterville, Plaintiff, v. W. M. Kavanaugh et al., Defendants.'' On May 11, 1912, a judgment was rendered in the cause and was entitled as follows: ''The State of Missouri at the relation and to the use of F. P. Blair, City Collector within and for the City of Carterville, in Jasper County, Missouri, Plaintiff, v. Garnett Mining Company, Defendants.'' The judgment was rendered against ''the defendant and W. M. Kavanaugh, C. C. Playter and D. N. Friend, its sureties on the appeal bond herein,'' in the sum of $252.84.

It has been shown that when the case reached Justice Scafe, he gave notice of the time of trial, and that the cause was entitled in said notice, as follows: ''State of Mssouri, F. P. Blair, Col. City of Carterville, v. Garnett Mining Company W. M. Cavanaugh.'' Afterwards, on May 27, 1911, an affidavit for appeal was filed by the defendant, sworn to by D. N. Friend, and that affidavit (although filed with the justice who had in the notice of the time of trial entitled the cause substantially correct) entitled the cause incorrectly. Again, although the bond signed by the defendant and the two sureties, D. N. Friend and C. C. Playter, was entitled incorrectly, still it describes in all particulars

correctly the judgment rendered by Justice Scafe in the case of "State of Missouri ex rel. F. Blair, City Collector, City of Carterville, Plaintiff, v. Garnett Mining Company, W. M. Kavanaugh, Defendant," the title used by Justice Scafe in making up his transcript. Furthermore, it appears that when the case reached the circuit court, although it was entitled in the record entries, "State of Missouri ex rel. F. P. Blair, Collector of the City of Carterville, Plaintiff, v. W. M. Kavanaugh et al., Defendants," yet the defendant, Garnett Mining Company, by its attorneys, Merritt & Spiva, came into that court with an application for a change of venue, which is sworn to by D. N. Friend, and their application was entitled, "F. P. Blair, Collector of the City of Carterville, Missouri, Plaintiff, v. Garnett Mining Company, Defendant." And their motion to dismiss, although filed in the case which was correctly entitled by the circuit clerk, was again incorrectly entitled. However, in the application for the writ of error which was presented to this court by the defendant Garnett Mining Company through its attorneys, Merritt & Spiva, the cause is entitled as follows: "State of Missouri ex rel. F. P. Blair, City Collector of the City of Carterville, Respondent, v. Garnett Mining Company, Defendant, Appellant." And this is the first time in all the proceedings when any paper shown to have emanated from them has been correctly entitled.

The plaintiffs in error contend that the judgment should be set aside as to the Garnett Mining Company, and as to the sureties on the appeal bond, D. N. Friend and C. C. Playter.

OPINION.

STURGIS, J.—Before taking up the discussion of the vital issues in this case, it is necessary to dispose of some preliminary matters. On October 4, 1912, de-

fendant in error filed in this court a motion to quash the writ of error alleging as a ground that all of the parties, against whom judgment in this case was rendered in the circuit court, were living at the time of bringing this writ, and that they have not joined in the same as provided in section 2058, Revised Statutes 1909. It is true, the judgment was against "the defendant and W. M. Kavanaugh, C. C. Playter and D. N. Friend." It is also true that this writ was sued out solely by the Garnett Mining Company. This would be fatal but for the fact that the section of the statute mentioned provides a remedy which was acted upon in this case by D. N. Friend and C. C. Playter, who, on October 7, 1912, applied to this court in writing to be permitted to join in the writ of error and to have the writ and proceedings amended by inserting their names, thereby claiming the benefit of section 2066, Revised Statutes 1909. Their application is sustained. The judgment also went against W. M. Kavanaugh. This was erroneous, for the record plainly shows that plaintiff dismissed the cause as to him in Justice Scafe's court, and he is not and should not be before this court.

We find also among the papers filed in this court a suggestion of the death of F. P. Blair, the relator, which is alleged and shown to have occurred on March 30, 1912, while the judgment in the circuit court was not rendered until May 11, 1912. Plaintiffs in error claim that the judgment was therefore rendered invalid. Under section 1925, Revised Statutes 1909, the suggestion of death in this case should have been made to the trial court as the affidavit furnished by plaintiffs in error shows that the death occurred prior to the rendition of the judgment of that court. The statute does not authorize the substitution of any person by the appellate court to act in relator's stead unless his death occurred while the cause is pending in the appellate court.

With reference to the Garnett Mining Company,
there can be no doubt as to the validity of the judgment
against it, because, although the case was incorrectly
entitled, and a number of notices, applications and
record entries in the justices' courts were incorrect in
that they were not entitled, "State of Missouri ex rel.
F. P. Blair," etc., nevertheless, the Garnett Mining
Company in Justice Smith's court agreed to a contin-
uance in a stipulation correctly entitled, and filed an
affidavit and bond in Justice Scafe's court to appeal
the case to the circuit court from a judgment rendered
against it wherein, according to the transcript of the
justice, the cause was entitled correctly; not only that,
but in the circuit court where the cause was entitled
correctly, defendant filed an application for a change
of venue and a motion to dismiss. So that it is ap-
parent that the defendant, Garnett Mining Company,
entered its appearance a number of times, and al-
though numerous errors were made of a clerical na-
ture, any one reading the record will readily see that
this defendant was not in any way misled by them.

The "comedy of errors" enacted in the progress
of this case in the various courts so far as the jurisdic-
tion is concerned is of little importance on the theory
that "All's well that ends well," and that the appear-
ance of defendant in the circuit court, if not in the jus-
tice's court, by filing motions, etc., waives the irregu-
larities and gave that court jurisdiction to render the
judgment it did against the Garnett Mining Company.

A different question is presented as to the judg-
ment against the sureties on the appeal bond. It may
be and is granted that any irregularity or insufficiency
in the affidavit or bond for appeal would not deprive the
circuit court of jurisdiction over the case on the appeal
where the appeal is granted and the transcript and
papers lodged in the circuit court. This is plainly so
for the reason that section 7580, Revised Statutes,
1909, provides that no appeal allowed by a justice shall

be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made is defective or insufficient. But, while a defective or insufficient bond for appeal does not affect the jurisdiction of the circuit court over the case, yet, such bond may be so defective or lacking in proper conditions as to prevent the circuit court from rendering a judgment against the sureties. This is well illustrated by the case of Distilling Co. v. Kermis, 79 Mo. App. 111, 114, where the court said, "The justice granted the appeal, and so far as the question of the jurisdiction of the circuit court to try the case *de novo* is involved, it is immaterial whether any appeal bond was given, or whether given out of time; the affidavit for an appeal and the granting of the appeal by the justice conferred jurisdiction on the appellate court, by reason of the provisions of section 6340, Revised Statutes of 1899 (section 7580, Revised Statutes, 1909), which provides, among other things, that such an appeal shall not be dismissed for want of a bond or a sufficient bond, if a good and sufficient bond be given before the determination of a motion to dismiss, and it does not lie in the mouth of the appellant to say the court erred for failing to require him to do that which he should have done if his appeal bond was insufficient; nor can he on appeal take advantage of his own default or negligence, after having submitted himself to the jurisdiction of the court, in a matter over which the court acquired jurisdiction by virtue of his affidavit and the order of the justice granting the appeal." After disposing of this matter in this way, the court proceeded to show that, while the court properly proceeded to try that case and render judgment against the defendant, yet, the bond given on the appeal was so defective as to prevent the circuit court, where the case was taken by change of venue, from rendering any judgment against the surety on the bond.

The statute above quoted furnishes a remedy in case the appeal is granted by a justice of the peace without requiring a proper appeal bond. Had the plaintiff in this case, by proper motion, called the attention of the circuit court to the defectve bond now in question, that court could, and doubtless would, have requred the defendant to give a good and sufficient bond at the peril of having his appeal dismissed.

The cases cited by plaintiff in error, State ex rel. Moxley v. Hammond, 92 Mo. App. 231, and which was properly overruled by Drake v. Gorrell, 127 Mo. App. 639 (106 S. W. 1080), and Cowhick v. Jackson, 161 Mo. App. 460 (143 S. W. 558), deals only with the question of the effect which an insufficient or defective appeal bond or affidavit has on the jurisdiction of the circuit court; but that is not the question now to be considered.

The bond in appeal given in this case and now in controversy is the usual form of an appeal bond but is entitled, F. P. Blair, Collector of the City of Carterville, Plaintiff, v. Garnett Mining Company, Defendant, and recites that "We, the undersigned, Garnett Mining Company, acknowledge ourselves indebted to F. P. Blair, Collector of the City of Carterville in the sum of five hundred dollars, to be void on this condition: Whereas, Garnett Mining Company has appealed from the judgment of Chas. E. Scafe, a Justice of the Peace, in an action between F. P. Blair, Collector of the City of Carterville, Plaintiff, and Garnett Mining Company, Defendant, etc." It is signed Garnett Mining Company, by W. M. Kavanaugh, Pres., C. C. Playter and D. N. Friend.

The judgment in the case is entitled, "The State of Missouri at the relation and to the use of F. P. Blair, City Collector within and for the City of Carterville, in Jasper County, Missouri, Plaintiff, v. Garnett Mining Company, Defendants." It recites the appearance of plaintiff and the default of the defendants in failing to further appear, and that the petition is taken as con-

fessed, and that the plaintiff is entitled to recover the amount specified "of and from the defendant and W. M. Kavanaugh, C. C. Playter and D. N. Friend, its sureties on the appeal bond herein." It will be readily seen that the judgment does not follow the appeal bond in that the judgment is in favor of *The State of Missouri* at the relation and to the use of F. P. Blair, city collector, etc., while the bond refers to a case in which F. P. Blair, collector of the city of Carterville, is plaintiff; and the obligation of the bond is to F. P. Blair, collector of the city of Carterville. It will also be noted that the judgment is against the defendant and W. M. Kavanaugh, C. C. Payter and D. N. Friend, as sureties on the appeal bond; whereas W. M. Kavanaugh is not a surety on said bond but his name appears only as the chief official of the defendant and the one who signed the name of Garnett Mining Company on the bond.

Waiving the question now raised that F. P. Blair, the obligee in the appeal bond, was dead at the time the judgment in this case was rendered as not being raised at the proper time, we think there is a material difference between a bond given to the State of Missouri, at the relation and to the use of a certain official and one given to the individual who is the official as obligee.

The doctrine that a surety on a bond is bound only by the strict letter of his bond has not been departed from to any great extent in this State. In the case of State v. Charles, 207 Mo. 40, 45 (105 S. W. 609), we find the Supreme Court announcing "that the appellate courts of this State, both the Courts of Appeals and the Supreme Court, have indicated in no uncertain terms their unwillingness to extend the obligation of sureties beyond what is clearly contemplated by the terms employed in the conditions of the bond." Many cases are there reviewed showing the applications of the "*strictissimi* doctrine," but that case itself furnishes a good example of the rule as applied in this State.

While section 7589, Revised Statutes, 1909, provides that where judgment is entered on trial anew in the appellate court, such judgment shall be rendered against the defendant and his sureties in the recognizance for the appeal, and thus gives a summary remedy against the sureties on the appeal bond, yet, we think that the law is that unless the bond in question is sufficient to sustain an independent action on the same for the violation of its conditions, no judgment can be rendered against the sureties in this summary manner. This is illustrated by the case of Distilling Co. v. Kermis, supra, where the court reversed the summary judgment against the sureties on the appeal bond while permitting the judgment against the defendant to stand.

In State ex rel. v. McElroy, 9 Mo. App. 580, the court held: "Where the bond is to A., and the action is commenced and proceeds in the name of the State at the relation and to the use of A, and the point is properly saved by an objection to the evidence at the trial, a judgment for the plaintiff will be reversed." This is clearly a holding that the State at the relation of F. P. Blair, collector, could not have maintained a suit on the present bond, where the bond is to F. P. Blair, collector.

In 5 Cyc. 856, it is said, "A judgment in favor of the obligee should conform in the designation of such person to that in the bond." In United States ex rel. McDonald v. Shoup, 21 Pac. (Idaho) 656, it is held that where a bond is payable to "the people of the United States" it will not sustain a judgment in favor of "the people of the United States of the Territory of Idaho." This is certainly more of an extreme case that the one at hand.

We think that sureties are yet the favorites of the law in this State and that they are bound only by the terms of the bond which they signed. If such be the law, then this case must be reversed and remanded

with directions to the circuit court to enter a judgment for plaintiff against the Garnett Mining Company only. It is so ordered. *Farrington, J., concurs. Robertson, P. J.,* not sitting.