EDITH STULZ, RESPONDENT, V. MIKE LENTIN, DEFENDANT, JACOB
RUDIN (SURETY), APPELLANT.*

St. Louis Court of Appeals. Opinion filed May 3, 1927.

1.—Appeals—Irregular Judgment—Surety's Motion to Vacate—Overruled
—Appeal Lies. An appeal will lie from an order overruling a motion in
the lower court to set aside an irregular judgment.

2.—Justices of the Peace—Appeal Bonds—Blanks—Space for Surety's
Name Not Filled In—Mistake in Surname of Obligee—Sufficiency of Bond.
An appeal bond given by a defendant in a justice of the peace court under
section 2912, Revised Statutes 1919, on appeal from a judgment of the
justice to the circuit court, held insufficient where the body of the bond does
not name anyone as surety but leaves the space for the surety's name blank
and a different surname from that of plaintiff was given as obligee.

3.—Same—Same—Appeal from Justice to Circuit Court—Bond Must be
Sufficient to Sustain Independent Action Thereon. Unless a bond, such as
an appeal bond given in a justice court under section 2912, Revised Statutes
1919, is sufficient to sustain an independent action on the same for a viola-
tion of its conditions, no judgment can be rendered against the surety in a
summary manner, which is the proceeding on an appeal from a justice to
the circuit court.

4.—Bonds—Obligor—Obligee. There must be a named obligor and a named
obligee in a bond.

5.—Judgments—Irregularities—Setting Aside—Subsequent Term—Statute.
A judgment, whether by default or otherwise, which is irregular may be
set aside on motion filed at a term subsequent to the term of the rendition
of the judgment, if made within three years after such term, as required
by section 1552, Revised Statutes 1919.

6.—Same—Same—Patent on Face of Record—May be Vacated After Term
of Rendition—Statute. A judgment after the term at which it was ren-
dered, within the time limited by section 1552, Revised Statutes 1919, may
be vacated for an irregularity patent on the face of the record.

7.—Same—Same—Same—Same—Failure of Appeal Bond from Justice to
Circuit Court to Name Surety or Proper Obligee—Patent Irregularity. The
failure of an appeal bond, given in a justice court under section 2912, Re-
vised Statutes 1919, to name surety and correctly name the obligee held an
irregularity appearing upon the face of the proceeding which is patent on
the record and not one depending upon proof de hors the record, and au-
thorizing a judgment against the surety thereon to be vacated at a subse-
quent term under section 1552.

8.—**Principal and Surety—Sureties—Strictissimi Doctrine.** Sureties are to be given the benefit of the strictissimi doctrine as this will most completely achieve the ends of legal order.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 523, n. 16; Bonds, 9CJ, p. 12, n. 75 New, 76; Judgments, 34CJ, p. 258, n. 99; Justices of the Peace, 35CJ, p. 765, n. 60, 66; p. 855, n. 44; p. 893, n. 40; Principal and Surety, 32Cyc, p. 73, n. 22.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Granville Hogan, Judge.

REVERSED AS TO SURETY.

*Anderson, Gilbert & Wolfort* for Jacob Rudin, Surety, appellant.

The appeal bond was so defective as to prevent the circuit court from rendering judgment against surety Rudin. State ex rel. v. Mining Co., 169 Mo. App. 79; Swain v. Everman et al., 236 S. W. 388; Nofsinger v. Hartnett, 84 Mo. 549; Smith v. Keenan, 14 Mo. 373; Moxley v. Hammond, 92 Mo. App. 231; Rothman Distilling Co. v. Kermis, 79 Mo. App. 231.

*Grant & Grant* for respondent.

(1) The circuit court had no power to vacate the final judgment herein on appellant's motion filed at a subsequent term, there being no irregularity appearing in the judgment itself or in the proceedings. The State ex rel. Ozark Co. v. Tate, 109 Mo. 265; Harbor v. Railroad Co., 32 Mo. 423; Hall v. Lane, 123 Mo. 633; Morgan v. Morgan, 160 Mo. App. 381. An irregularity, because of which a final judgment may be set aside after the lapse of the term, must be a material departure from the prescribed rules and mode of procedure in the courts. Cross v. Gould, 131 Mo. App. 585; 1 Black on Judgments (2 Ed.), sec. 170, p. 249. The circuit court had jurisdiction of the cause, Sec. 2903, R. S. 1919, and of appellant, Sec. 2912, R. S. 1919. (2) The alleged defect in the bond was a mere clerical error in stating plaintiff's name, which was twice correctly stated in the bond, and no advantage can be taken of such a mistake after judgment. Sec. 1550, R. S. 1919; Walker v. Railroad Co., 193 Mo. 453; Morrison v. Turnbaugh, 192 Mo. 427. Defendant has had the full benefit of the appeal and both he and appellant are estopped to deny liability on the appeal bond. 4 C. J., p. 1269.

DAUES, P. J.—Plaintiff, Edith Stulz, respondent here, filed this suit in a justice court against Mike Lentin as defendant on promissory notes aggregating $500. There was a change of venue to an-

other justice, where judgment was rendered in favor of plaintiff and against defendant for the face of the notes, with interest. Thereupon defendant Lentin filed an affidavit for appeal to the circuit court of the city of St. Louis, and gave the following as an appeal bond, which we set out in full:

"We, the undersigned, Mike Lentin, as principal, and —————, as surety, acknowledge ourselves indebted to Edith Lentin in the sum of sixteen hundred and no/100 dollars, to be void upon this condition: Whereas, said Mike Lentin has appealed from the judgment of Crittenden Clark, a Justice of the Peace of the Fourth District of the City of St. Louis, in an action between Edith Stulz, plaintiff, and Mike Lentin, defendant.

"Now, if on such appeal the judgment of the Justice be affirmed, or if, on trial anew, in the Circuit Court, City of St. Louis, Missouri, judgment be given against appellant, and he shall satisfy such judgment, or if his appeal shall be dismissed, and he shall pay the judgment of the Justice, together with the costs of appeal, the recognizance shall be void.

Mike Lentin,      (Seal)

Address —————————————

Jacob Rudin,

4229 Evans Ave., West.

Attest and approved this 14th day of May, 1923.

Crittenden E. Clark,

Justice of the Peace, Fourth District

City of St. Louis, Missouri."

The appeal was allowed and the transcript sent to the circuit court on June 4, 1923. On August 21, 1923, plaintiff filed a motion for a new bond or to dismiss defendant's appeal, alleging that the bond was defective and insufficient. It appears that this motion was never acted upon by the circuit court. On June 8, 1925, during the June term of the circuit court, the cause was tried to the court and jury, resulting in a verdict for plaintiff for the face of the notes, and interest. When the verdict was returned, the court entered a judgment upon same against defendant Lentin, and against the appellant Jacob Rudin, as surety on the appeal bond. The defendant Lentin duly filed his motion for a new trial. This motion was continued over until the October term, and on October 6, 1923, and during the said October term, the court overruled the motion. Thereafter, on December 23, 1925, it then being the December term, the appellant surety filed his motion to vacate the judgment as to him. This was overruled, and from that action the surety has appealed.

The motion of the surety to vacate the judgment sets out the bond and asserts that said appeal bond is defective and of no force as to him; that the surety was requested to sign another bond, and that

he refused to do so; that by the terms of the purported bond no one is named as surety; that the bond is made to run to one Edith Lentin as obligee, and alleges that the court had no jurisdiction to enter the judgment against the surety on such bond and prays that the judgment as to him be vacated and annulled.

The question visited upon us on this appeal, then, is whether the lower court committed error in refusing to vacate the judgment as to the surety rendered at the preceding term on the bond above set out.

We have, *in limine,* examined the authorities to determine whether an appeal will lie from an order overruling a motion in the lower court to set aside an irregular judgment, and we find that it has been definitely decided that such an appeal will lie. [State ex rel. Coonley v. Hall, 296 Mo. 201, l. c. 212, 246 S. W. 35.]

We have no difficulty in deciding where merit lies on the question of the sufficiency of the bond. Plaintiff recognized that the bond was insufficient by filing her motion to require a new bond, but a mere reading of the instrument clearly indicates that this is not a bond in which the appellant Rudin is bounden to the plaintiff in the case, Edith Stulz. Observably, the body of the bond does not name any one as surety, but leaves this blank. The bond runs in favor of Edith Lentin. So far as this litigation is concerned, there is no Edith Lentin, and certainly Edith Lentin is not the plaintiff; the obligee, if there is one, is Edith Lentin, and none other. The bond does not denominate that the principal and surety are bound to plaintiff in the case, but that they acknowledge themselves indebted to Edith Lentin. It is set out in the bond that a suit is pending between Edith Stulz and the defendant Lentin, and that an appeal has been taken, and if intendments were permitted in this kind of a case it might clearly be said that Edith Stulz was intended to be written instead of Edith Lentin. The bond is signed by Mike Lentin and Jacob Rudin, but does not indicate that Lentin is principal, nor does it characterize Rudin as either principal or surety. However, we do not attach any great importance to this latter defect, if such it be.

Throughout our whole jurisprudence runs the pronouncement of our Supreme Court and the Appellate Courts that unless a bond, such as this, is sufficient to sustain an independent action on the same for a violation of its conditions, no judgment can be rendered against the surety in a summary manner, which is the proceeding on an appeal from a justice to the circuit court.

The appeal bond is authorized by section 2912, Revised Statutes Missouri 1919, wherein it is provided that an appeal bond given in a justice court is taken by the circuit court when the appeal judgment is affirmed, or, on a trial anew, the judgment is against the ap-

pellant, and judgment is then rendered against the appellant and his sureties in the recognizance for an appeal. If the appellant to the circuit court again loses in that tribunal, the court takes the bond upon which the appeal was given, and if the bond is binding, renders judgment against the surety, together with his principal.

In State ex rel. v. Mining Co., 169 Mo. App. 79, 154 S. W. 168, many authorities are reviewed to show that it is universally held in this State that the courts will look to the obligation of sureties strictly within the letter of the bond, applying the "*strictissimi* doctrine," and the court there declared that the courts of this State have never departed from the doctrine that the surety on a bond is bound only by the strict letter of the bond. In that case, there was an appeal from the justice court. The bond was entitled "F. P. Blair, Collector of the City of Carterville, Plaintiff, v. Garnett Mining Co., Defendant," and it was held that they were not liable for a judgment, rendered in a case entitled "State of Missouri at the relation of F. P. Blair, Collector of the City of Carterville, Plaintiff, v. W. M. Kavanaugh et al., Defendants," because the judgment is in favor of the State of Missouri at the relation of and to the use of F. P. Blair, City Collector, etc., while the obligation of the bond is to run to F. P. Blair, Collector of the City of Carterville.

In Nofsinger v. Hartnett, 84 Mo. 549, plaintiff appealed from the circuit court of St. Louis county to this court. The bond provided that the appellant would comply with the judgment of this court. This court reversed that judgment, and the case then went to the Supreme Court, where our judgment was reversed and the judgment of the circuit court affirmed. It was held that the surety was not liable on the bond where the mandate of the Supreme Court was sent directly to the circuit court, since there was no judgment in the Court of Appeals affirming that of the circuit court. Again, in that case, the court said that the surety is the favorite of the law and has the right to stand upon the strict terms of his obligation, using the phrase "There is no construction, no equity against sureties. If a bond cannot have effect according to its exact words, the law does not authorize the court to give it effect in some other way in order that it may prevail."

In the early case of Smith v. Keenan, 14 Mo. 372, John Keenan obtained a judgment against William Smith before a justice of the peace, and the latter appealed to the circuit court. An appeal bond was given to run to Joseph Keenan instead of John Keenan. Said the court:

"The bonds to Joseph Keenan were clearly invalid and insufficient. For all the purposes of this suit, they might as well have been made payable to any other person."

So we entertain no doubt about the proposition that this bond, in so far as Edith Stulz as obligee and Lentin and Rudin as obligors is concerned, is no bond at all. The one thing certain about a bond is that there must be a named obligor and a named obligee. [Stifel Estate Co. v. Chas. J. Cella and Frank R. Tate, No. 19631, opinion recently filed in this court and not yet reported.]

Now, the question vigorously contested is whether the court at the subsequent term from the rendition of the judgment should have sustained the motion to vacate this judgment. It has been ruled many times that a judgment which is irregular may be set aside on a motion filed at the term subsequent to the term of the rendition of the judgment. [Branstetter v. Rives et al., 34 Mo. 318; White v. McFarland, 148 Mo. App. 338, 128 S. W. 23; Hirsch v. Weisberger, 44 Mo. App. 506, l. c. 511; Reed v. Nicholson, 93 Mo. App. 29; Cross v. Gould, 131 Mo. App. 585, 110 S. W. 672.] Though most of these cases are default cases, we will show that the same rule exists as to other cases under the statute.

Section 1552, Revised Statutes Missouri 1919, provides that "judgments in any court of record shall not be set aside for irregularity on motion unless such motion be made within three years after the term at which such judgment was rendered." This statute is a very old one and has often been before the courts.

We will first look to the case of State ex rel. Ozark County v. Tate, 109 Mo. 265, 18 S. W. 1088, which is strongly relied upon by the respondent. Respondent says that case precludes a reversal of this judgment for the reason that it is there held that an erroneous judgment which is regularly reached in accordance with the established rules of procedure cannot be reversed by a motion after the term at which the judgment is rendered. It is true, that opinion does use language to the effect that such a motion will not lie to destroy a judgment at a subsequent term because the petition does not state facts sufficient to constitute a cause of action. We will return to this case presently.

In Cross v. Gould, 131 Mo. App. 585, 110 S. W. 672, wherein the whole subject of setting aside judgments at subsequent terms is exhaustively discussed, it is pointed out that a judgment for an amount in excess of the penal provisions of a bond in suit is an irregularity for which the judgment may be set aside on motion at a subsequent term, and cites the case of Showles v. Freeman, 81 Mo. 540, which case of the Supreme Court is directly in point to that effect.

In the case of Crow v. Jewelry Co., 116 Mo. App. 624, 92 S. W. 742, Judge GOODE, for this court, had under review a judgment of the circuit court, the case having been appealed from the justice court, and where the circuit court rendered judgment against a

surety on an appeal bond when in fact there had been no judgment in the circuit court against the principal, the case having been dismissed as to him. The court said that such was contrary to the general rule of law by which the release of the principal released the surety. The surety there did not take advantage of his attack on the judgment until after the term had expired, and the court said that the surety was not unnecessarily negligent in failing to look after that case until the term had passed at which the judgment was rendered, and that he could afterwards take steps to vitiate such an unwarranted judgment.

Now, addressing ourselves to what seems to be the crucial question as to what character of judgment may be reached on a motion subsequent to the term. It seems to be settled that a judgment after the term at which it is rendered (within the time limited by the statute) may be vacated for an irregularity patent upon the face of the record.

In the late case of Bogess v. Jordan, 283 S. W. 57, the Kansas City Court of Appeals has this to say on the subject:

"Sections 1550 and 1551 definitely prescribe upon what irregularities a judgment, including a judgment by default, shall not be set aside. These sections are followed by section 1552 which reads:

" 'Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered.'

"The Supreme Court, construing this section, has held that the motion contemplated by this statute must be one based upon an irregularity patent on the face of the record. [Jeude v. Sims, supra; Shuck v. Lawton, 249 Mo. 168, 155 S. W. 20; State ex rel. v. Riley, 219 Mo. 667, 681, 118 S. W. 647; Phillips v. Evans, 64 Mo. l. c. 22.]

"It is clear, then, that the trial court has power to vacate a default judgment after the term, where the judgment is based upon irregularities apparent on the face of the record. The motion in the case at bar is directed to errors appearing on the face of the record and such as are within the meaning of the statute. Therefore the motion must be considered as the proper and only method of attack.

"One of the allegations of the motion is that the petition prayed for a judgment of $1,601.90 and costs, and the judgment rendered was for $1,619.50. Both petition and judgment are matters of record. This is, beyond question, an irregularity within the meaning of the statute," citing Chambers v. Garthel, 35 Mo. 374.

Now, it will be seen from the above statute and citations that we need not measure our discussion here on cases of default judgments, nor by the language of Judge BARCLAY in the Ozark case, supra, though it may be doubted whether that expression is literally correct. In the instant case, we have the judgment rendered against a surety

by a proceeding which has been termed "summary." The suit below was between Edith Stulz and Lentin. When that case was determined in the circuit court it was the duty of the circuit judge to examine the bond, and if the bond was exactly binding, then to amalgamate the surety and the principal to be responsible for the judgment. This bond, of course, is not a petition which is now attacked because it does not state a cause of action, but it is the instrument upon which, and from it alone, the court rendered a judgment. That this bond is not sufficient to hold the surety to the plaintiff as obligee is clear from its face; it is an irregularity appearing on the face of the proceeding; it is an irregularity which is patent on the record and not one depending upon proof *de hors* the record. Such is the language of Judge GRAVES in the Riley case, supra (l. c. 681), citing Phillips v. Evans, 64 Mo. l. c. 22; Latshaw et al. v. McNees et al., 50 Mo. 381; Powell v. Gott, 13 Mo. 458.

The bond limited and determined the jurisdiction of the circuit court. It is the means by which the surety was before that court, and in no other manner was the surety brought in, and our view, then, is that the court erred in refusing to vacate this judgment as to the surety, Jacob Rudin. This may seem somewhat technical. It is in exact accord, however, with the law as written from the beginning. It has been found by judicial study and conscionable application of the rules of justice that sureties are to be given the benefit of the *strictissimi* doctrine. This, it has been determined, will most completely achieve the ends of legal order.

Therefore, as to the surety Rudin, the sole appellant here, the judgment is reversed. *Becker* and *Nipper, JJ.*, concur.